## LANDA et al. v. F. S. AINSA CO., Inc. (No. 1231.)

(Court of Civil Appeals of Texas. El Paso. May 12, 1921. Rehearing Denied June 2, 1921.)

1. **Venue** ⊜⇒7—**Action for breach of written contract properly brought in county in which it was performable.**

Seller's action for breach of a written contract by which seller had sold goods to be shipped to specified city was properly brought in the county in which such city was situated under Rev. St. 1911, art. 1830, subd. 5; the contract being performable in such county.

2. **Venue** ⊜⇒16½—**Cause of action properly joined with another regardless of whether venue was properly laid in county in which action on other cause of action was properly brought.**

Seller's cause of action for breach of a sale's contract was properly joined with cause of action for breach of a similar contract, in order to avoid a multiplicity of suits, regardless of whether venue as to former contract was properly laid in the county in which the action for breach of latter contract was properly brought.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the F. S. Ainsa Company, Incorporated, against Harry Landa and others. From an order overruling plea of privilege filed by defendants to be sued in the county of their residence, they appeal. Affirmed.

Beall, Kemp & Nagle, of El Paso, for appellants.

Dyer, Croom & Jones, of El Paso, for appellee.

HIGGINS, J. This is an appeal from an order overruling a plea of privilege filed by appellants to be sued in Comal county where they reside. There were several defendants who were partners and engaged in business at New Braunfels in said county, under the firm name of Jos. Landa. The material facts are undisputed and are as follows:

The parties entered into and signed a memorandum of the sale of certain flour, the material portions whereof read:

"Joseph Landa, New Braunfels, Texas sell(s), and F. S. Ainsa Co. buy(s), the following commodities, on the terms and conditions stated herein:

Time of shipment, within sixty days.
Destination, El Paso, Texas.
Routing, seller's option.
Terms of payment, cash.     Draft, with bill of lading attached, through——Bank of——.
Prices in this contract are for delivery to carrier at shipping point, with freight allowed to El Paso, Tex., on basis freight rate in effect on date of sale. * * *

"Invoices against this contract are payable in New Braunfels, Tex., with interest at the rate of 8 per cent. per annum after maturity."

The flour was shipped from New Braunfels. The bill of lading consigned the same to order of Jos. Landa, destination El Paso, Tex., notify F. S. Ainsa Co.

To cover the purchase price Landa drew a sight draft on F. S. Ainsa Company and attached the bill of lading thereto. The draft and bill were sent to an El Paso bank and taken up by appellee. The flour was then delivered to appellee, and it was alleged that same was wormy, weevil infested, had a bad odor, and inferior to the sample upon which the sale was made. This suit was to recover damages sustained by the failure to deliver flour conforming to sample.

[1] Under the authorities, the memorandum of sale and the bill of lading when taken up by appellee obligated appellants to deliver the flour in El Paso county. The obligation being in writing and performable in El Paso county, a suit for damages for its breach may be maintained in that county under subdivision 5, art. 1830, R. S.   Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; People's Ice & Mfg. Co. v. Interstate Cotton Oil Ref. Co., 182 S. W. 1163; Callender, Holder & Co. v. Short, 34 Tex. Civ. App. 364, 78 S. W. 366; Darragh v. O'Connor, 69 S. W. 644; Cecil v. Fox, 208 S. W. 954; Gaddy v. Smith, 116 S. W. 164; Bell County Co. v. Cox, 33 Tex. Civ. App. 292, 76 S. W. 607; Harris v. Salvato, 175 S. W. 802.

The two cases cited by appellants are not in point. In our opinion they are clearly distinguishable.

[2] In the suit appellee also sought to recover damages for the breach of another contract for the sale of flour which contract was made about the same time as the one above discussed. Venue in El Paso county as to the cause of action upon this latter contract is not so clearly shown by the evidence, but in order to avoid a multiplicity of suits it was proper to embrace the suit thereon in this action. Middlebrook v. Bradley Mfg. Co., 86 Tex. 706, 26 S. W. 935.

Affirmed.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes