**LANDA COTTON OIL CO. v. MUTUAL REFINING CO.  (No. 2585.)**

(Court of Civil Appeals of Texas. Texarkana. June 5, 1922. Rehearing Denied June 15, 1922.)

**1. Brokers ⬰94—Broker's memorandum reduced to writing held to bind both parties.**

The memorandum of a broker, reducing the terms of a trade to writing, *held* to have become the contract of both parties, binding on both.

**2. Venue ⬰7—In buyer's action against seller, because goods were not as represented, venue is in the county of destination, where title passed.**

Where a broker's memorandum evidences a contract of sale and purchase of cotton seed oil of a special quality, to be paid for in the county of destination, where it was guaranteed, title to pass in such county, and the bill of lading was delivered to seller's order, reserving to seller the right of disposal, and draft was attached for purchase price, *held*, that the venue of buyer's action against seller because of inferior quality was in the county of destination.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Suit by the Mutual Refining Company against the Landa Cotton Oil Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The appellee brought the suit, in Grayson county, its domicile, to recover damages growing out of an alleged written contract of sale whereby appellant, a corporation with domicile in Comal county, sold and agreed to

ship and deliver to appellee 96,300 gallons of crude cotton seed oil, basis prime with weights and qualities guaranteed at destination, which was Sherman, Grayson county, Tex. It was alleged that the oil was shipped in appellee's tank cars, in 12 shipments, under shipper's order, with bills of lading attached, in which appellant was the consignee, delivery to be to appellant in Sherman; that to such bills of lading appellant attached drafts against appellee for the agreed purchase price of the oil, and these drafts were accepted and paid by appellee in Sherman, and on payment of the drafts the bills of lading were delivered and surrendered to appellee and he got possession of the oil. It was alleged that the quality of the oil was guaranteed in Grayson county to be as fully set out in the petition; that the oil shipped was of inferior quality to that purchased, and that the drafts were for excessive amounts, both as to quality and many of them as to quantity. The appellant filed a plea of privilege to be sued in Comal county, the county of its domicile, alleging that the suit does not come within any of the exceptions provided in the statutes. Appellee filed a controverting affidavit, in which it is claimed that venue was in Grayson county under subdivision 5 of article 1830, R. S., because the suit is based on a contract made by appellant in writing, under the terms of which the appellant was to perform its obligation in Grayson county. The matter of venue was presented to the court on an agreed statement of facts, and the court overruled the plea of privilege. The appellant appeals, and predicates error upon the ruling of the court.

It appears that P. G. Claiborne, a cotton seed oil broker, of Dallas, Tex., was authorized by appellant to sell the oil in controversy, and that he sold the oil to the appellee under the terms and manner stated. After negotiating the sale, the broker wrote the following letter, and sent a copy each to appellee and to appellant:

"Dallas, Texas, May 10, 1920.
"Landa Cotton Oil Company, New Braunfels, Texas—Dear Sirs: Confirming wire message of even date, I have sold for your account to the Mutual Refining Company, Sherman, Texas, about 96,300 gallons of basis prime, crude C. S. oil, 'Flagg' settlement, guaranteed as per attached analysis, at 15¾ cents per pound. Loose, in buyer's tank cars, f. o. b. your station. Terms: Sight draft (free of exchange) on buyer, with bill of lading attached, for full amount of invoice; weights and quality guaranteed at destination, and commissions to be paid by the seller. Texas C. S. O. Association rules. Shipment: Tanks to be forwarded promptly. This memoranda of sale is made in triplicate; one copy is sent to the buyer, and one copy retained as record in this office. Confirmed and submitted.
"P. G. Claiborne, As Broker Only."

A complete copy of the analysis sheet was attached.

242 S.W.—19

The following excerpts from the "Texas C. S. O. Association" were introduced:

"Rule 24. Section 1. All offers, sales or purchases of cotton seed products and other commodities, both raw and manufactured, shall be understood, unless specified to the contrary, to be f. o. b. cars at the mill, weights and quality guaranteed at destination, when received in original packages in good order, loss, or damage by accident—or wreckage in transit to be at buyer's risk. Unless specially stated otherwise oil shall be considered as sold loose, and buyers shall furnish tank cars.

"Section 2. On sales f. o. b. mill, or cost and freight destination, when goods are delivered to the carriers as agreed, whether in whole or partial completion of trade, payment of same shall become due and all risks belong to the buyer after carrier has signed bill of lading, but on sales delivered at destination all risks belong to the seller until arrival at destination."

Afterwards on various dates the oil was loaded by appellant at New Braunfels in appellee's tank cars, and was received by appellee at Sherman. The shipments were made, with bill of lading to shipper's order, Sherman, Tex., notify appellee. Attached to the bills of lading were drafts for the purchase price, drawn by appellant on appellee. All of the drafts were paid at Sherman by appellee, and all of the oil was received by appellee at Sherman.

Wood, Jones & Wood, of Sherman, for appellant.
Head, Dillard, Smith, Maxey & Head and J. F. Holt, all of Sherman, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The proposition on which appellant relies is that—

"There was no written promise on the part of appellant to perform any part of the contract in Grayson county; therefore venue could not be properly laid in Grayson county against appellant's plea of privilege."

The broker's contract, accepted and acted on by the parties, was reduced to writing in the form of a "memorandum of sale." The writing evidences a contract of sale and purchase of a given quantity of cotton seed oil, of a special quality. The oil was to be paid for in Sherman by the appellee, through sight draft drawn on appellee by the appellant. The sight draft was to be attached to the bill of lading. The particular quality of the oil, as per the attached sheet of analysis of the oil, was guaranteed at destination, which was Sherman. The memorandum of the broker, reducing the terms of the trade to writing, became the contract of both parties, and binding upon both. It is believed that the court did not err in ruling that the venue of the suit was properly placed in Grayson county. People's Ice & Mfg. Co. v. Inter-State Cotton Oil Refining Co. (Tex. Civ. App.) 182 S. W. 1163; Pittman & Harrison Co. v.

Sanders (Tex. Civ. App.) 234 S. W. 412; Landa v. Ainsa (Tex. Civ. App.) 231 S. W. 175; Keller v. Mangum (Tex. Civ. App.) 161 S. W. 19.

· The particular circumstances in this record, all considered together, evidence the intention that the delivery be made and the title to the property pass in Grayson county. By the bill of lading the oil was delivered to the order of the seller, prima facie reserving to the seller the right of disposal. The attaching of a draft for the purchase price to the bill of lading would corroborate or strengthen the inference that the title was not intended to pass at the time of the delivery to the carrier; and the essence of the contract was that the oil would be of the special quality stipulated at the destination of shipment. Any disagreement arising as to the quality of the oil being "as per attached analysis" was to be determined by the parties, at the point of "destination" and at the time of the arrival of the shipment there. The terms of the contract, the conduct of the parties, and the circumstances of the case show, we conclude, an intention, and create an obligation, on the part of the appellant to deliver and transfer the oil to appellee in Grayson county.

The judgment is affirmed.