**HEID BROS., Inc., v. REISTO.** *

**(No. 8407.)**

(Court of Civil Appeals of Texas. Galveston. Dec. 14, 1922. Rehearing Denied Jan. 4, 1923.)

**1. Venue** ⊜⟾7—**Venue of action on contract of sale held to be in county in which contract was entered into "f. o. b. cars."**

Under Rev. St. art. 1830, § 5, providing that an action on a contract in writing may be brought in the county where the contract was to be performed or where the defendant has his domicile, where a seller of wood wrote and delivered a letter to the buyer, a corporation, in the county of the buyer's residence. offering to sell wood f. o. b. cars Texas loading points, to be paid for by draft drawn for wood loaded into cars, and the buyer accepted by a letter delivered to the seller at ·the same time and place, the contract was to be performed in the county of the buyer's residence, "f. o. b. cars Texas loading points" not fixing the place of payment, but merely signifying a delivery without charge for drayage or other expenses previous to loading.

[Ed. Note.—For other definitions. see Words and Phrases, First and Second Series, F. O. B.]

**2. Venue** ⊜⟾7—**Test for venue of action on written contract stated.**

Under Rev. St. art. 1830, § 5, providing ·that an action on a contract in writing may be brought in the county where the contract was to be performed or where the defendant has his domicile, the test for venue is not what the other party to the contract should do

or where, but whether, in the writing between them, the one sought to be charged has plainly agreed to perform in the particular county of the suit.

**3. Evidence ⬧⟾450(8)—Oral evidence of place of performance of contract not admissible.**

Where a seller of wood wrote and delivered to the buyer, a corporation, at its office a letter offering wood f. o. b. Texas loading points, to be paid for by sight draft, which was accepted by letter delivered to the seller, at the same time and place, in an action by the seller against the buyer for breach of contract, there was not such ambiguity concerning the place of performance as to let in oral testimony to show that the obligation of the buyer was payable in the county where the wood was to be loaded, so as to allow an action on the contract to be brought in that county under Rev. St. art. 1830, §§ 7 and 24.

**4. Venue ⬧⟾8—Claim for venue based on fraud fails, where no fraud is shown.**

A claim for venue in a certain county under Rev. St. art. 1830, § 7, providing for the institution of suit in any county where fraud was committed by a defendant, fails where no fraud is shown to have been perpetrated by defendant.

**5. Corporations ⬧⟾503(2) — Cause of action held not to have arisen so as to confer venue in county where suit was brought against corporation.**

Under Rev. St. art. 1830, § 24, providing that an action against a private corporation may be commenced in any county where the cause of action or a part thereof arose, where a seller of wood wrote and delivered to the buyer, a corporation, at its office, an offer to sell wood, to be delivered f. o. b. Texas loading points, to be paid for by sight draft drawn on the buyer, and the buyer accepted by letter delivered to the seller at the buyer's office, the contract was to be performed in the county of the office of the buyer, and was not made in the county where the seller was to load the wood, in which suit was brought, nor did it bind the buyer to perform any obligation there, and no part of the cause of action arose there, so as to confer venue in that county.

Appeal from District Court, Grimes County; Carl T. Harper, Judge.

Action by A. J. Reisto against Heid Bros., Inc. From an order overruling defendant's plea of privilege to be sued in the county of its residence, defendant appeals. Reversed and remanded, with directions.

Lewis & Dean, of Navasota, for appellant.
Haynes Shannon, of Navasota, for appellee.

GRAVES, J. [1] This appeal challenges an order of the trial court overruling the plea of privilege of the appellant, a corporation, to be sued in the county of its residence, El Paso. The plea was duly and properly presented and appropriately invoked whatever rights in the matter appellant had under the venue statutes.

To this plea the appellee filed his controverting affidavit, alleging the venue to have been properly laid in Grimes county under sections 5, 7, and 24 of article 1830, Revised Statutes.

At the hearing on the issue thus joined, the material facts developed were, in substance, these: Appellant is a Texas corporation having its domicile and principal office in the city of El Paso, and the appellee, while in this office of appellant at El Paso, entered into an agreement or contract with it represented by the following two letters which were then and there exchanged and mutually delivered between them:

"El Paso, Texas, April 21, 1920.
"Messrs. Heid Bros., Inc., El Paso, Texas.—
Gentlemen: I herewith quote you 12,000 cords of oak wood, to be furnished and delivered f. o. b. cars Texas loading points, at the rate of 1,000 cords monthly, or in greater amounts if satisfactory to all parties concerned, at six dollars ($6.00) per cord f. o. b. cars, Texas loading points.

"Terms: Sight draft for full value of wood loaded into cars, with all necessary papers attached.

"Settlement of this wood will be based on government specifications and measurements at destination. Any and all shortage in measurements or rejections at destination to be settled by me, basis sight draft drawn by you, payable on first presentation. This offer subject to immediate acceptance in the event you receive award of government contract to provide oak wood. In the event you receive award for more than 12,000 cords I may be in position to furnish more wood and possibly all of your requirements, and therefore would like to have the privilege of quoting you later when in the market and before buying from others in my district. I will thank you for a reply.

"Yours very truly,
"[Signed] A. J. Reisto."

"El Paso, Texas, April 22, 1920.
"Mr. A. J. Reisto, City.—Dear Sir: We have your letter of April 21st, quoting us 12,000 cords of oak wood at $6.00 per cord, f. o. b. cars Texas loading points, for shipment at the rate of 1,000 cords per month, or in greater amounts if satisfactory to all parties concerned. Shipments to begin as soon as wood is called for by the government. We agree to pay for this wood basis sight draft on us with all necessary papers attached, showing correct measurement of wood loaded into cars. Settlement of the wood to be based on government specifications and measurements at destination. All shortage in measurements or rejections at destination, account grade of wood shipped, to be settled by you, basis sight drafts drawn by us, payable on first presentation. All of the above subject to our being awarded government contract for the amount of wood above mentioned or a greater amount.

"Yours truly,     Heid Bros., Inc.,
"[Signed] By E. C. Heid."

Heid Bros. never accepted any part of the 12,000 cords of wood thus called for, and

---

⬧⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

this suit against it in the district court of Grimes county by Reisto for damages as for breach of contract followed. He resided in that county, his wood was located there, and he attempted to deliver the wood, or at least part of it, to Heid Bros. by loading it on the cars there. and, through a bank at Navasota, which is in that county, drawing drafts for the purchase price, with bills of lading attached, on Heid Bros. at El Paso, Tex. When he so drew these drafts through it, the Navasota bank furnished him the money on them, but no arrangement to that effect had been made with Heid Bros., and Mr. Reisto testified that the Navasota bank had no obligation in connection with the transaction, and that its cashing the drafts was a matter between it and him. The only written agreement which Heid Bros. was shown to have made was embodied in that part of Reisto's offer reading:

"I herewith quote you 12,000 cords of oak wood to be furnished and delivered f. o. b. cars Texas loading points, at the rate of 1,000 cords monthly, or in greater amounts if satisfactory to all parties concerned, at six dollars ($6.00) per cord f. o. b. cars Texas loading points. Terms: Sight draft for full value of wood loaded into cars, with all necessary papers attached."  .

And in this portion of its letter of acknowledgement and acceptance:

"We agree to pay for this wood basis sight drafts on us with all necessary papers attached, showing correct measurements of wood loaded into cars. Settlement of the wood to be based on government specifications and measurements at destination."

We do not think this evidences a contract in writing on appellant's part to perform any obligation to the appellee in Grimes county, but on the contrary indicates the contemplation that whatever it was thereby assuming was to be done by it in El Paso county. Under the decisions of our appellate courts the expression used in appellee's letter, "f. o. b. cars Texas loading points," cannot be construed to fix the place of payment in Grimes county, but merely signifies a delivery without charge for drayage or other expenses previous to leading. Russell v. Heitmann (Tex. Civ. App.) 86 S. W. 75; Oil & Mfg. Co. v. Supply Co. (Tex. Civ. App.) 203 S. W. 81; Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. at page 794.

[2, 3] As is said in the Gottlieb Case, the test is not what the other party should do or where, but whether by the writings between them the one sought to be charged has plainly agreed to perform in the particular county of the suit. That these letters here involved have no such import. seems to us clear. Neither, we think, is there in them such uncertainty or ambiguity touching the place of performance by appellant as properly let in the oral testimony presented by the appellee and received by the court as tending to show that the purpose of the contracting parties was to make appellant's obligation payable in Grimes county. The letters—by clear implication at least—fix that: they were mutually signed and delivered at El Paso, and, as appellee testified, "this letter from Heid Bros. to me was an answer to my letter to them, and shows how I was to load the wood and get the bill of lading and attach sight drafts on them at El Paso." This plainly contemplates payment of the drafts by appellant at El Paso.

[4] The claim for venue in Grimes county under section 7—providing for the institution of suit in any county where fraud was committed by the defendant—wholly failed, in that no fraud of any sort or anywhere was shown to have been perpetrated by appellant on appellee.

[5] The evidence likewise fails to show that the cause of action, or a part thereof, arose in Grimes county, which under section 24 of article 1830 might have permitted the bringing of the suit in that county. It is true "the cause of action" designated in this section has been held by our courts to comprehend the agreement between the parties, its performance by the one and breach by the other, and to arise either in the county where it was made, where it was breached, or where the defendant resides (Oil Co. v. Oil Co. [Tex. Civ. App.] 146 S. W 225); but, as has been said, this contract was neither made in Grimes county nor did it bind the appellant to discharge any obligation there. There was accordingly no breach in that county by its alleged total failure to go on with the transaction, and hence no part of the cause of action could be said to have arisen there. On this feature the Oil Company Case just cited is practically upon all fours with the case at bar, and determines adversely to him the contentions of the appellee that venue was properly laid in Grimes county under section 24 of the statute.

From what has been said it follows that appellant could not be compelled to answer in the county of the suit. The judgment appealed from is therefore reversed, and the trial court is directed to transfer the cause to the district court of El Paso county.

Reversed and remanded with instructions.