## PARTIN & FUGATE v. HAWKINS.
### (No. 8569.)

(Court of Civil Appeals of Texas. Galveston. Nov. 21, 1923.)

**1. Venue ⬅➡7—Seller under written contract held not entitled to be sued in own county.**

Where a buyer overpaid the seller for cotton bought under a written contract binding the seller to deliver the goods to the buyer in the county of his residence, a plea by the seller, in an action in such county for overpayment of privilege to be sued in the county of his residence, cannot be sustained.

**2. Sales ⬅➡89—That contract changed, and not abrogated, sustained by evidence.**

Determination by trial court that sales contract was only changed, and not entirely abrogated, sustained by evidence.

**3. Sales ⬅➡79—"F. o. b. railway cars" does not determine place of final performance of contract.**

Provision that cotton was bought under terms of "f. o. b. railway cars" does not determine the place of final performance, but only means that the purchasers would pay the freight charges.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by D. E. Hawkins against Partin & Fugate. Defendants' plea of privilege to be sued in the county of their residence was overruled, and defendants appeal. Affirmed.

Tom Whipple, of Waxahachie, for appellants.

Franklin, Leavell & Blankenbecker, of Houston, for appellee.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

PLEASANTS, C. J.  This suit was brought by appellee, assignee of the firm of Hawkins & Camp, in the district court of Harris county, against appellants who are residents of Ellis county, to recover upon a contract made by and between Hawkins & Camp and appellants for the purchase of cotton from appellants.

In due time appellants filed a plea of privilege to be sued in the county of their residence.  Appellee contested this plea, and upon a hearing in the court below on the plea and contest the plea was overruled, and from such order this appeal is prosecuted.

The material provisions of the contract between Hawkins & Camp and appellants are as follows:

"(1) All cotton to be bought basis middling or even running at fixed prices.

"(2) All cotton bought of you under terms of f. o. b. railway cars.

"(3) Each shipment is to be classed and stapled by you and shipped under interior bill of lading to ourselves at Houston, Tex.

"(4) Each shipment to be in 50 or 100 bale lots.

"(5) After interior bill of lading covering each lot is signed, you are to calculate invoices and draw on Waxahachie National Bank, Waxahachie, Tex., for 75 per cent. of invoice amount, attaching invoice and original bill of lading to draft.

"(6) After each shipment arrives at Houston, you are to accept our class and staple outturn, and in this connection we hereby obligate ourselves to class and staple all, cotton bought of you in a satisfactory manner to all concerned.  Immediately after outturns are completed on each lot we are to remit to you by check on the Waxahachie National Bank the differences between the amount advanced and actual amount of outturn plus interest at prevailing rates in Houston on balance due you from date of payment of the 75 per cent. until actual terms are rendered.

"(7) We hereby agree to supply you with original outturns on class and staple against each shipment immediately after they are completed.  Also to advise you the mark against which each remittance covering the 25 per cent. is applied."

This contract, after several shipments of cotton had been made thereunder, was changed by mutual agreement of the parties by substituting for provision 5, above set out, an agreement that appellants could draw on Hawkins & Camp at Houston for the full amount of the invoice of each shipment of cotton.

The petition alleges in substance that appellants made a number of shipments of cotton to the purchasers under the contract after it was changed as above stated, and in each of such shipments drew a draft on the purchasers with a bill of lading "to shipper's order" attached thereto, and that each of such drafts had to be paid by the purchasers at Houston before they could obtain the bill of lading and the possession of the cotton, and were so paid; that each of said drafts was drawn for the full purchase price of the cotton based on the weights and classification made by the shipper at Waxahachie; and that when the cotton was weighed and classed at Houston, the amounts of said drafts were found to be in excess of the contract price of the cotton.  This suit is for recovery of the amount of these excess payments.

[1] That a plea of privilege cannot be sustained against a suit of this character has been the uniform holding of this court, and such holding seems to have met the approval of our Supreme Court.  The reasons for this holding are fully stated in the opinions which are hereinafter cited, and need not be repeated.  Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Callender-Holder v. Short, 34 Tex. Civ. App. 364, 78 S. W. 366; Valdespino v. Dorrance (Tex. Civ. App.) 207 S. W. 653; Malloy v. Industrial Cotton Oil Co. (Tex. Civ. App.) 238 S. W. 984.

[2] There was some conflict in the testimony as to whether the contract was only changed as alleged by plaintiff.  The appellant contends that the original contract was entirely abrogated and the cotton was shipped under an unqualified agreement that the purchasers were to accept and pay for the cotton at Waxahachie weights and classification.

This conflict was determined by the trial court in favor of appellees, and such judgment is amply sustained by the evidence.

[3] It is, we think, perfectly plain from the contract as a whole that the f. o. b. provision does not determine the place of final performance, but only means that the purchasers would pay the freight charges from Waxahachie to Houston.  Heid Bros. v. Reisto, (Tex. Civ. App.) 247 S. W. 349; Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 793.

We are of opinion that the judgment should be affirmed, and have so ordered.

Affirmed.