## BROWNING–FERRIS MACH. CO. v. THOMSON.

### No. 7786.

Court of Civil Appeals of Texas. Austin.
Dec. 6, 1932.

Rehearing Denied March 29, 1933.

Leachman & Gardere and W. H. Neary, both of Dallas, for appellant.

Baker & Baker, of Coleman, and Kerr & Gayer, of San Angelo, for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea of privilege, seeking to change the venue to the county (Dallas) of appellant's residence.

The suit was for damage for breach of a contract of sale of machinery; the breach consisting (1) in failure to deliver within the contract (express or implied) time, and (2) in failure of machinery to meet the implied warranty as to quality, in that it was "defectively designed, manufactured and constructed, and was totally unfit and inefficient for the purposes for which it was designed, manufactured and constructed."

Appellee contends that venue was properly laid in Runnels county on one or more of the following grounds:

(1) Because appellee was a corporation and the cause of action arose, in part at least, in Runnels county, in that (a) it was executed in Runnels county, and (b) appellee verbally guaranteed delivery in Runnels county.

(2) Because appellant contracted in writ-

ing to perform the contract in Runnels county.

The contract was in writing, in the form of a shipping order, the pertinent portions of which read:

"Vendor. Browning-Ferris Machinery Company * * * Guaranteed Contractors Equipment. Houston, Texas, 3/14/1929. Order No. ——— Charge to H. E. Fitzgerald. P. O. Address Box 606.—Ballinger, Texas, 209–10th St., Ship to Do. Sta.—tion Do. County, Runnels, State ——— via. Frt. Terms: See below * * * Price FOB Factory (items and price of each article inserted here). Terms: $1000.00 on arrival; $1050.00 due June 25, 1929; Bal (5) five equal monthly payments due every 30 days beginning July 25, 1929; all notes bearing 8%. * * * 1. Title to goods furnished on this order remains vested in vendor until paid for in full in cash. 2. Retention of any property shipped under this agreement after five days from arrival at destination shall constitute an acceptance of same. * * * 5. All conditions of this agreement are written and printed hereon, and no verbal agreements, warranties or modifications whatsoever shall be binding. 6. In case default be made in the payment of any sums provided by this contract, or any renewals of any sums provided by this contract, or if said mortgagee shall at any time deem said mortgagor, said chattels, said debt provided herein or said security unsafe or insecure, then upon the happenings of said contingencies, or any of them, the amount herein secured and remaining unpaid is by said mortgagor admitted to be due and payable, and said mortgagee may, at said mortgagee's option (notice of which option is hereby expressly waived), foreclose this mortgage by action or otherwise, and said mortgagee is hereby authorized to enter upon the premises where said goods and chattels may be, and remove and sell the same and all equity of redemption of the mortgagor therein, either at public auction or private sale with or without notice to the mortgagor at Dallas, Texas, or elsewhere, without demand for performance, and out of the proceeds of said sale pay the cost of foreclosing this mortgage, and the expense pursuing, taking, keeping, advertising and selling said goods and chattels, including a reasonable attorney's fee, and apply the residue thereof toward the payment of said indebtedness or any part thereof in such manner as said mortgagee may elect, rendering the surplus, if any, unto said mortgagor, his executors, administrators and assigns upon demand. 7. It is further covenanted and agreed that all rights, remedies and relief and all claims, causes of action or complaints, accruing or to accrue, to or by, for or against, either of the parties or the party to this contract, from any cause or by reason of any breach or any failure of either party to comply with this or any part of this, as well as all payments to be made under or in pursuance of this contract, shall be and are hereby made performable and recoverable in Dallas, Dallas County, Texas."

The contention that the contract was executed in Runnels county is predicated upon the testimony of appellee, the only witness upon the hearing. While this testimony is in some respects vague, we will assume that it supports the following findings: The negotiations leading up to the contract were conducted in Runnels county, between appellant's agents Wooldridge and Fitzgerald. Wooldridge made out the order, signed it, and left it with Fitzgerald, who was to secure the signed guarantee of appellee. This was done and the order returned by appellee to Fitzgerald. There was no evidence of delivery of the completed instrument to appellant, but presumably it was mailed to it by Fitzgerald. This from a letter of transmissal from Fitzgerald, addressed to "Mr. W. F. Wooldridge, Browning-Ferris Machine Co., Houston, Texas." There is no proof of point of mailing of this letter other than that there appears opposite the signature of Fitzgerald the notation, "Box 606, Ballinger, Texas." This letter contained the following conditions:

"In ordering the screens with this plant I would like to have the one-quarter inch perforations changed to three-eighth inch. Sketch given you mentioned one-half inch.

"Also kindly take up with the Morrow people the chutes for the material from the screens to the bins and at the time the question of height from the settling tanks to the screens."

▮ This evidence failed to show execution of the contract in Runnels county in two respects:

1. Execution of the contract was not complete until the signature of appellee was obtained, and the contract delivered to appellant. Until such delivery, the negotiations had proceeded no further than an unaccepted offer on the part of appellant. If it be assumed that the mailing was in Runnels county, delivery was not completed until receipt of the document in Houston. The case would have been different if appellant had mailed the order to appellee or Fitzgerald, for in such event appellant would have created an agency in the postal officials to accept delivery on its part. This was not the case. Wooldridge in person left the order with Fitzgerald, and there is no evidence that he left instructions to effect delivery through the mails.

▮ 2. The additional requirements of the letter constituted a counter offer on appellee's part, until the acceptance of which by appellant there was no contract.

The only evidence of any verbal contract or guarantee was the testimony of appellee to the effect that he heard Wooldridge say he would guarantee delivery within two weeks. This stipulation was in direct conflict with clause 5 of the order above quoted, and was therefore merged in, or superseded by, the writing. There was no proof of fraud in procuring the signature of appellee. On the contrary, fraud is negatived, in that the order was left with Fitzgerald and full opportunity was afforded appellee to read it and advise himself of its contents before he signed it.

We have reached the conclusion that the suit was not founded upon the breach of any obligation which appellant contracted in writing or otherwise to perform in Runnels county. We base this conclusion upon what follows.

Notwithstanding the reservation of title in appellant "until paid for in cash in full" (clause 1), the title passed to the buyer upon delivery, subject to a mortgage for the purchase money in favor of the seller. This construction follows both from R. S. art. 5489, and from the intention of the parties as manifested in clause 6 of the contract quoted above.

But even giving literal effect to clause 1, the reservation of title in appellant was until all the purchase money was paid in full in cash; upon the consummation of which event the title would automatically vest in the seller. Under this construction of clause 1, the obligations which the contract imposed upon appellant as respects delivery related only to possession; and what is said below applies with equal force to either construction of the effect of clause 1.

We agree with appellee that the expression, "Price FOB Factory," has no relation to the place of delivery, but only to the price which the purchasers were to pay. Heid Bros. v. Reisto (Tex. Civ. App.) 247 S. W. 349 (error refused); Partin & Fugate v. Hawkins (Tex. Civ. App.) 257 S. W. 571; Williston on Sales (2d Ed.) § 280b; 55 C. J. pp. 332 et seq., § 323.

The provision that the machinery was to be shipped by freight to Ballinger, Tex., brings the case within the well-established general rule, which may now be regarded as elementary, that: "Where goods are shipped in conformity with a contract or with an order to a buyer, the property in the goods generally passes to the buyer, and delivery to the carrier is said to be delivery to the buyer." Williston on Sales (2d Ed.) §§ 448a and 278.

The provision in quoted clause 2, to the effect that retention for 5 days after arrival at destination shall constitute acceptance, does not take the case out of the general rule. Acceptance on the part of the buyer is not essential to delivery or the passing of title or possession where the contract of sale is otherwise absolute in its terms.

In the absence of any governing provision in the contract, the buyer would have the right of inspection upon arrival at destination, and if the property shipped did not comport with the contract he would have the right to refuse acceptance. The effect of the quoted provision was merely to place a 5-day limit upon the exercise of this right.

The case here is to be distinguished (1) from those in which the sale is conditional upon acceptance by the buyer as in Hall & Brown Wood-Working Mach. Co. v. Brown, 82 Tex. 469, 17 S. W. 715 (see 55 C. J. p. 430, § 417); (2) from consignments to shipper's order with draft for the purchase price drawn upon the buyer and attached to the bill of lading, as in Landa v. F. S. Ainsa Co. (Tex. Civ. App.) 231 S. W. 175; and from those cases in which the seller has guaranteed weight or grade at the point of destination as in Berlowitz v. Standley, 117 Tex. 362, 5 S.W.(2d) 963, and Scott & Mayhall v. Lubbock Grain & Coal Co., 113 Tex. 127, 252 S. W. 164.

It is sometimes said that "an acceptance is necessary to make a delivery effective to pass title, where the delivery is such as the buyer is not bound to accept, as where goods do not conform to the requirements of the contract, or are not delivered at the time stipulated." 55 C. J. p. 563, § 573.

We think it is immaterial here whether the title was still in the seller by reason of his failure to ship the quality of goods ordered, or whether the title passed to the buyer, subject to his right to rescind and reject the shipment on that account. There was no contract to deliver at Ballinger. The obligation of the seller was only to ship there. When the machinery was placed upon the cars at point of shipment, the seller had met every obligation imposed upon him, if the shipment as to quality and time met the requirements of the contract. If there was a breach of the contract, as regards either, such breach occurred at the place of delivery, which, as we have seen, was the point of shipment. The cause of action for the breach arose at the time and place of the breach. There was, however, a choice of alternative remedies in the buyer. He might refuse to accept the property, in which event he could resist payment or recover back what he had paid, and additionally recover compensatory damages for the breach; or he might affirm the contract and recover his damages for the breach, this latter by abatement in the price, or separate suit, or both, as the facts might warrant. The fact that his right to elect between these remedies as regards breach in respect to quality, did not expire until five days after the shipment arrived at destination, would

not, we think, be material in determining where the appellant had obligated itself to perform the contract, or where its breach thereof and the resulting cause of action arose.

██ The same is true, we think, regarding the provision that $1,000 of the purchase price should be paid "on arrival." There is nothing in the contract to indicate that the sale was conditional upon payment of the $1,000. It is true the shipment might be lost or destroyed in transit, in which event there could be no "arrival." In that case the buyer's obligation to pay would not be defeated, because "arrival" had reference only to the time of payment, and not to the obligation to pay. As stated by Williston on Sales (2d Ed.) p. 1109, "If without the seller's fault, inspection became impossible, the condition qualifying the maturity of the obligation is excused." The same is true of "arrival" as of inspection.

The order appealed from is set aside, and the cause remanded, with instructions to change the venue to Dallas county.

Order set aside; cause remanded, with instructions.

### On Motion for Rehearing.

In overruling appellee's motion for rehearing, we think it necessary only to add that the record facts do not in our opinion, bring the instant case within the rules: (1) That the place of execution of a contract made by an authorized agent, but subject to approval at the home office of a corporation, is the place where the contract is signed (Westinghouse, etc., Mfg. Co. v. Troell, 30 Tex. Civ. App. 200, 70 S. W. 324; Texas Farm Bureau Ass'n v. Lennox [Tex. Civ. App.] 257 S. W. 935; Lummus, etc., Co. v. Mills [Tex. Civ. App.] 233 S. W. 126); (2) that a contract is consummated when an acceptance is mailed, where the contract either expressly (Blake v. Fire Ins. Co., 67 Tex. 160, 2 S. W. 368, 60 Am. Rep. 15) or by necessary implication from the surrounding circumstances (13 C. J. 300, 301, § 116) contemplates that the acceptance should be so made.

The other points in the motion have been fully discussed in our original opinion.

The motion is overruled.

Overruled. 