## WAPLES–PLATTER CO. v. MONTGOMERY.

### No. 7916.

Court of Civil Appeals of Texas. Austin.

Nov. 22, 1933.

A. M. Herman and Samuels, Foster, Brown & McGee, all of Fort Worth, for appellant.

Upton & Upton, of San Angelo, for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea of privilege to change the venue to Tarrant county, appellant's domicile.

The suit was for rental of a building in San Angelo, for the months of January to August, inclusive, 1932, under an alleged contract in writing covering the period February 1, 1931, to January 31, 1934.

We sustain the trial court's order upon the ground that appellant is a private corporation, and the cause of action arose in Tom Green county in that the contract sued upon was executed in that county.

Briefly the controlling facts are: Appellant was tenant of appellee of the building in question under a written lease expiring January 31, 1931, the rental being $150 per month. In September, 1930, it instructed its local agent at San Angelo (Johnson) to negotiate with appellee for an extension of the lease upon its expiration. Appellee consented to this renewal at $165 per month. This Johnson communicated to appellant, who instructed Johnson to offer $150 per month. This was done, and the offer accepted, whereupon appellant prepared and sent to Johnson duplicate copies of the lease, who procured appellee's signature and acknowledgment, and returned them to appellant at Fort Worth. All of these negotiations between Johnson and appellant were conducted in San Angelo. The lease was never signed by appellant nor returned to Johnson, but remained at appellant's home office in Fort Worth. There were no further communications between appellant and appellee, except that appellant continued to occupy the building and pay the rental until January 1, 1932, when it vacated the premises.

It is appellant's contention that the signature and acknowledgment of the contract by appellee and its delivery to Johnson, as appellant's agent, was an offer upon appellee's part, which did not become binding upon appellant until accepted; and that acceptance took place (if at all) in Fort Worth.

In this we do not concur. The delivery of the writings to appellee, under appellant's instructions, constituted an offer on appellant's part; and their execution, acknowl-

edgment, and return to Johnson by appellee constituted an acceptance on his part.

But even did we concur in appellant's contention, that this constituted merely an offer by appellee, the same result would be reached. Acceptance, if such were requisite, must, to be effective, be. communicated to appellee. See Browning-Ferris Mach. Co. v. Thomson (Tex. Civ. App.) 58 S.W.(2d) 183. There was no express communication of such acceptance. Acceptance consisted of the act of appellant in its continued occupancy of the building under the proffered contract. This act was necessarily performed in San Angelo, where the building was located.

These conclusions render immaterial other contentions of appellant, and their discussion is therefore pretermitted.

The order appealed from is affirmed.