## HARRIS & BEEMAN, Inc. v. KOON.
### No. 15129.

Court of Civil Appeals of Texas.
Fort Worth.
March 31, 1950.

Cecil Murphy, Gainesville, Wallace & Korth, and Fred L. Wallace, Fort Worth, for appellant.

Ray Winder, Gainesville, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

The suit grows out of the sale by appellant and the purchase by appellee of an item of refrigeration equipment. On June 6, 1949, appellant, a corporation domiciled in Tarrant County, signed and mailed to appellee in Cooke County a written agreement to sell the equipment in question. On June 7, 1949, appellee signed the agreement in Cooke County, but wrote into it an additional provision and sent it back to appellant in Tarrant County. Appellant accepted the agreement, as changed by appellee, in Tarrant County.

The written agreement provided that the equipment should be shipped to appellee at a named address in Gainesville, in Cooke County, and also contained the following provision, "The cash price is F. O. B. Chicago." It appears to be undisputed that this reference is to the city of Chicago, Illinois.

The machine was shipped to appellee, who paid the purchase price. Appellee brings the present suit, claiming damages in the following respects: $3,000 for profits lost by reason of the incapacity of the machine to do the work for which it was intended; $1,050 by way of recovery of the purchase price paid for the machine; and approximately $1,900 in other alleged damages not necessary to set out in detail. In substance the claim for damages is based on an alleged breach of the contract to deliver, in Gainesville, Cooke County, Texas, a machine of prescribed kind and capacity. Venue is sought to be maintained in Cooke County, where the suit was brought, under the provisions of Section 23 of Article 1995, as amended by Acts 1943, 48th Leg., p. 350, ch. 228, sec. 1, Vernon's Ann.Civ.St. art. 1995, subd. 23, which authorize suits against a private corporation to be brought in the county where the cause of action or part thereof arose.

Although appellee argues to the contrary, we must hold that the contract was made in Tarant County, not in Cooke County. Appellant first signed the contract in Tarrant County, and mailed it to appellee in Cooke County. If appellee had without qualification signed the contract in Cooke County, Cooke County would be treated as the county in which the contract was made, but since appellee wrote a new condition into the contract when he signed it, it must be held that he made a counter offer, and that the contract was not completed until the counter offer was accepted by appellant. Since the acceptance of the counter offer took place in Tarrant County, it follows that Tarrant County was the county in which the contract was made. 10 Tex.Jur., p. 43; Browning-Ferris Mach. Co. v. Thomson, Tex.Civ.App., 58 S.W.2d 183; King v. Kloh, Tex.Civ.App., 10 S.W.2d 1043, writ dismissed; Moore, Bros. v. Kirkpatrick, Tex.Civ.App., 172 S.W.2d 135, 137.

In view of the provision in the contract that the machine was to be shipped f. o. b. Chicago, the obligation on appellant's part was not to deliver the machine in Cooke County, Texas, but to the carrier in Chicago. A similar situation was involved in Browning-Ferris Mach. Co. v. Thomson, supra, [58 S.W.2d 185] where the contract provided that the goods were to be shipped to Ballinger, Texas, "Price FOB Factory." The court said: "There was no contract to deliver at Ballinger. The obligation of the seller was only to ship there. When the machinery was placed upon the cars at point of shipment, the seller had met every obligation imposed upon him, if the shipment as to quality and time met the requirements of the contract. If there was a breach of the contract, as regards either, such breach occurred at the place of delivery, which, as we have seen, was the point of shipment. The cause of action for the breach arose at the time and place of the breach."

The case before us is distinguishable from cases cited by appellee, such as Gottlieb v. Dismukes, Tex.Civ.App., 230 S.W. 792, where the agreement is to ship goods by a shipper's order bill of lading, and to send the bill of lading with draft attached to a designated county. In such cases the delivery of the shipper's order bill of lading is treated as a symbolical delivery of the goods, and an agreement to send the bill of lading to a designated county is regarded as the equivalent, for venue purposes, of an agreement to deliver the goods in the desig-

nated county, even though the goods be priced f. o. b. the loading point and even though the contract provides that the shipment may be diverted and the parties may contemplate that the goods themselves may never be delivered to the county where the bill of lading and draft are agreed to be sent.

Appellee argues that the contract should be treated as performable in Cooke County on the ground that, no place of payment having been specified, the law requires that payment be made where the buyer resides. As is said in Gottlieb v. Dismukes, supra, and in other cases which could be cited, including Heid Bros. v. Reisto, Tex.Civ.App., 247 S.W. 349, writ refused, the party bringing suit may not, in order to maintain venue away from the county of the defendant's residence, rely upon terms of the contract requiring performance by himself, but venue depends on whether the adverse party has agreed to perform in the county where suit is brought.

Appellee appears to contend that venue is maintainable in Cooke County on the ground that appellant made certain oral representations and agreements in addition to the agreements contained in the written contract. The written agreement contains a provision reading as follows: "All promises, verbal agreements, understandings or representations of any kind, pertaining to this purchase, and not contained herein, are expressly waived, and this instrument constitutes the entire agreement between the seller and the purchaser."

The effect of the quoted provision is to preclude a recovery on the ground of breach of the alleged oral agreements. Super-Cold Southwest Co. v. Elkins, 140 Tex. 48, 166 S.W.2d 97, and cases there cited. The general principle involved was applied as to the question of venue in Browning-Ferris Mach. Co. v. Thomson, supra.

Other questions are raised in the briefs, but what we have said requires a reversal of the order overruling the plea of privilege.

The judgment of the trial court is reversed, and judgment is here rendered ordering the cause transferred to one of the district courts of Tarrant County. The costs of this appeal, and the costs in the trial court prior to the time the suit is filed in the district court in Tarrant County, are taxed against appellee. Rule 89, Texas Rules of Civil Procedure.