### HALL v. MOSTELLER et al.
#### No. 10003.

Court of Civil Appeals of Texas. Austin.

Dec. 19, 1951.

Rehearing Denied Jan. 9, 1952.

James H. Rogers, Louis Scott Wilkerson, Austin, for appellant.

Critz, Kuykendall, Bauknight & Stevenson, by F. L. Kuykendall and Byron Lockhart, all of Austin, for appellees.

ARCHER, Chief Justice.

Appellant brought this suit against appellee seeking to recover the market value of a watermelon crop. Appellee leveled eight special exceptions to appellant's Second Amended Original Petition. The trial court sustained all of said exceptions and, as the appellant refused to amend his pleadings, the trial court entered judgment for appellee.

Appellant's suit was based upon a written contract for the sale of fifty pounds of watermelon seed which appellee guaranteed to be Black Diamond.

The written contract between the parties is as follows:

The appellant alleged that the seed which appellee shipped pursuant to said contract were not Black Diamond watermelon seed, and did not produce a crop of Black Diamond watermelons, which would have been worth $13,500 but produced a crop of varied

A 24170

# ● CAPITOL SEED HOUSE

"Serving Austin and Central Texas"
### WHOLESALE AND RETAIL
Bulk Seed, Feed, Pet and Poultry Supplies, Remedies
Insecticides, Sprays and Sprayers, Garden Tools

PHONE 8-8525　　　　　　　　　301 WEST 6TH ST., AUSTIN, TEXAS

Date_____194___

Sold to_____

Address _____

Shipped to _Lee Rachel, Luling, Texas_

Terms_____ Salesman

50# W. Melon
Black Diamond 1 us 6 50

Res & % 1 25

61 25

Guaranteed to be
Black Diamond
M.D.

Pd

P-1
5/19/50

The CAPITOL SEED HOUSE gives no warranty, expressed or implied, as to description, quality, productiveness, or any other matter of any seeds, bulbs, plants it sells, and will not be responsible for the crop. If the goods are not accepted on these terms they are to be returned immediately.
Austin Stationery & Prtg. Co., Austin, Texas　S-15738

and assorted pie melons and citron melons of no value.

The appellant has assigned only one point of error that the trial court erred in sustaining the defendant's appellee herein, eighth special exception, which is to the effect that the petition does not state a cause of action because (1) the contract shows on its face that it expressly provides against any right of action, (2) although the written contract expressly provided that the defendant gave no warranty as to quality, productiveness and that defendant would not be responsible for the crop, and that unless the goods were accepted on these terms they were to be returned immediately, the plaintiff attempted to hold the defendant responsible in damages for the things and events which the contract provides against, (3) that the plaintiff is attempting to recover a sum of money equal to the market value of the watermelons which he should have produced from the seed, and that the written contract made the basis of the suit expressly provides that the defendant gave no warranty as to the quality of productiveness of the seed and that the defendant would not be responsible for the crop, (4) that the petition shows on its face that the seed were accepted with the non-warranty provision and plaintiff is estopped to assert any cause of action because of the failure of the seed to produce the crop desired, and (5) that the damages alleged as $13,500 in view of the contract do not constitute a proper measure of damages, and that the only damages, not admitted but denied, is only the costs of the seed to plaintiff.

The appellant contends that the handwriting "Guaranteed to be Black Diamond" prevails over the printed matter at the bottom of the contract and constitutes a warranty as to description.

We recognize the law to be that penned provisions will control over any inconsistent printed provisions in a contract, but does not supersede any of the remaining printed provisions where there is no inconsistency. 10 Tex.Jur. 312, Sec. 180.

We do not believe that the inserted provision supersedes the provision that appellee gave no warranty as to the quality, productiveness, or any other matter and that appellee would not be responsible for the crop. As has been noted, the petition shows that appellant is seeking to hold appellee responsible by way of consequential damages which are alleged to be the exact amount of the crop loss.

We believe the case of Pyle v. Eastern Seed Co. et al., 145 Tex. 385, 198 S.W.2d 562, 564, controls our decision in this case. In the Pyle case the purchaser bought fifty pounds of "Babosa onion seed." There was a provision in this contract substantially as in the present case exempting the seed company from responsibility for the crop, and since the Supreme Court in the Pyle case made a complete and adequate discussion of the matters involved, which are comparable to the facts in this present suit, we do not quote from the Pyle case but cite it as controlling our action herein.

The appellant cites a number of cases, all of which are discussed in the Pyle case, and we do not deem it necessary to again discuss them.

The theory of the appellant that the seller is liable for consequential damages is not sustainable because the only measure of damages, other than for recovery of the cost of the seed, would of necessity be the value of the crop, liability for which the appellee had contracted against.

The case has been well briefed and argued by both sides and we have given careful consideration to the briefs, arguments, and the cases cited, but believe that the trial court correctly sustained the exceptions.

The judgment of the trial court is affirmed.