**HARRY F. FREY & COMPANY, Appellant,**

v.

**W. D. LACY FEED COMPANY, Appellee.**

**No. 3210.**

Court of Civil Appeals of Texas.

Waco.

Nov. 4, 1954.

Rehearing Denied Nov. 24, 1954.

John P. Spiller and A. C. Lesher, Jr., Houston, for appellant.

McGregor & McGregor, Waco, for appellee.

TIREY, Justice.

Appellant has appealed from an order entered by the County Court at Law overruling his plea of privilege to be sued in Harris County, the county of his residence. There is no statement of facts nor bills of exception nor requests for findings of fact and conclusions of law and none filed. Appellant assails the judgment entered on two grounds. They are: "(1) The trial court erred in overruling appellant's plea of privilege to be sued in Harris County, Texas, the county of his domicile, in view of the contract of sale dated January 28, 1953 (plaintiff's Exhibit No. 1) and Art. 1995, Sec. 5 of the Civil Statutes of the State of Texas, as amended," Vernon's Ann.Civ.St. Art. 1995, subd. 5, and Point 2 is substantially to the effect that because the written contract does not stipulate that the matters sued upon are performable in the county where the suit is brought, but on the contrary, said contract provides only for performance of matters not involved in this suit and therefore Sec. 5 of Art. 1995 aforesaid has no application.

Appellee's reply to the foregoing points is substantially to the effect that the court did not err in overruling the plea of privilege because the written contract in suit does provide that the matters sued upon are performable in McLennan County, where the suit is brought, and that venue is maintainable in McLennan County under Sec. 5 of Art. 1995 aforesaid.

Plaintiff, in its original petition, among other things, alleged substantially that prior to the 20th day of January, 1953, it ordered from defendant 600 sacks of No. 2, 13% ¼" suncured Nebraska alfalfa meal tagged, of 100 pounds each for a total of 30 tons of the same at an agreed consideration of $53.95 per ton; that same was to be delivered at Waco, Texas, and was payable in McLennan County, Texas, by draft with bill of lading attached drawn upon The Citizens National Bank of Waco, Texas; that the weights and grades of said alfalfa meal were guaranteed by defendant; that the said contract is evidenced by the confirmation of sale executed by defendant and attached thereto marked Exhibit A; that on the 25th day of February, 1953, the alfalfa meal shipped by defendant to plaintiff in compliance with said contract arrived in the City of Waco, and that the plaintiff paid the draft to the defendant in the sum of $1,240.08, which was the agreed consideration; that said contract was in writing and specified McLennan County, Texas, as the place of performance, and by reason there-

of the County Court in McLennan County has venue to try this cause.

Since the venue question before us is controlled by the provisions of the written contract between the parties, we quote it:

"Harry F. Frey & Co.
3104 S. Main St.
Houston 4, Texas.

Phone L.D. 942      JA–7436

Confirmation of Sale      January 28, 1953

Lacy Coal & Feed Co.,
Waco, Texas.

Contract No. 4132

Gentlemen:

We are pleased to confirm Sale to you today for the account of Ourselves, as follows:

| | |
|---|---|
| Quantity | 600/100# sacks |
| Cars | One 30 ton |
| Commodity | #2 13% ¼" suncured Nebraska Alfalfa meal, tagged |
| Price | $53.95 ton |
| Basis | Delivered Waco, Texas |
| Shipment | First half, soon as possible, February |
| Terms | Draft B/L |
| Bank | Citizens National Bank, Waco |
| Route | MKT |
| Weights | Guaranteed |
| Grades | Guaranteed |
| Ship To | Lacy Coal & Feed Co. Waco, Texas. |
| Remarks | Thank You |

Fulfillment of this sales contract is contingent upon strikes, fires, floods, hurricanes, embargoes or for any other causes beyond our control. If price includes freight to destination, said price is based on the freight rates in effect at the time of sale, and any increase or decrease is for the account of the buyer. Any Federal, state or municipal tax affecting any portion of this contract is for the account of the buyer. This contract shall not be enforceable as to any undelivered portion, in the event of action by Government agencies prohibiting any of its terms or conditions. If this contract is not in accordance with your understanding, we must be advised by wire or letter immediately.

Failure to do so constitutes your acceptance of all terms and conditions. This contract is performable and payable in Houston, Texas.

Yours truly,

Harry F. Frey & Company
By John Grembowiec."

Appellant seasonably filed his plea of privilege to be sued in Harris County, the county of his residence, and this plea was seasonably controverted by appellee and in such controverting plea appellee specifically alleged that the venue of this cause was in McLennan County under Subd. 5 of Art. 1995, supra, by reason of the provisions of the contract in suit. The trial court granted appellant's motion to forward to this court plaintiff's Exhibits 1, 2 and 3 tendered in evidence, and Exhibit 1 is the original contract between the parties which we have set out. It is the contention of the appellant that because of the language in the confirmation contract found in the last sentence (printed part) which provides, "This contract is performable and payable in Houston, Texas," that such sentence controls the venue in this cause. The appellee contends that the typed in portion in such contract beginning with the word "quantity" and ending with the words "shipped to" provides that this contract is performable only in McLennan County, and that such typed in portions of the contract are controlling and fix venue in McLennan County.

In appellee's brief we find this statement: "Appellee regards it as a settled proposition of law * * * that where printed and written portions of a contract conflict that the written portion prevails. * * * that a contract calling for alfalfa to be delivered in Waco, Texas, and payable with a sight draft with bill of lading attached on The Citizens National Bank of Waco, Texas, cannot be performable and payable in Houston, Texas, as the printed

portion of said contract provides * * * that appellant could not perform the contract in Houston, Texas, and guarantee the weights and grades of the alfalfa meal delivered at Waco, Texas * * * (and) that the place of performance of this contract is as specified as the place of delivery, which is Waco, Texas, and that the Court will likewise take judicial notice of the fact that Waco, Texas, is situated in McLennan County * * *." We are in accord with these views.

■ In Constitution Indemnity Co. of Philadelphia v. Armbrust, Tex.Civ.App., 25 S.W.2d 176, point 2 (opinion 1930, writ ref.), we find substantially this statement of the rule: The typewritten provisions of a contract supersede the inconsistent printed provisions and the intention of the parties is established by such typewritten provisions. This decision has not been overruled. See also cases collated under 9 Tex.Dig. Contracts, ☞ 163.

We think the typed in provisions in the contract in suit clearly show that it was the intention of the parties that appellant would make delivery of the commodity specified to the appellee at Waco, Texas, and that appellee would duly pay for such merchandise when it was delivered by paying draft with bill of lading attached, sent to the Citizens National Bank of Waco. The obligation imposed upon appellant by the typewritten provisions of the contract are certainly inconsistent and in conflict with the printed provisions in the contract wherein it provides that "this contract is performable and payable in Houston, Texas." See Hall v. Mosteller, Tex.Civ.App., 245 S.W.2d 338 (n. r. e. Pt. 1) and 10 Tex. Jur. 312, Sec. 180.

But appellant contends that since the draft provides that it is payable to the order of South Texas National Bank, Houston, Texas, that it is payable in Harris County, Texas. Such contention is in conflict with the notation on the draft that it it collectible through the Citizens National Bank of Waco, Texas. Moreover, we think the action of the trial court in overruling appellant's plea of privilege is in accord with the rule announced by our Supreme Court in Malone v. Dawson, 117 Tex. 377, 5 S.W.2d 965, 60 A.L.R. 665. See also Farmers Seed & Gin Co., Inc., v. Brooks, 125 Tex. 234, 81 S.W.2d 675 (Com. Apps.) opinion adopted; Id., Tex.Civ.App., 85 S.W.2d 1096. Our Supreme Court has not changed the rule as announced in Malone v. Dawson, supra.

Appellant says in effect that his plea of privilege should be sustained by virtue of the rule recited in Harris & Beeman, Inc., v. Koon, Tex.Civ.App., 229 S.W.2d 212, 214: "* * * the party bringing suit may not, in order to maintain venue away from the county of the defendant's residence, rely upon terms of the contract requiring performance by himself, but venue depends on whether the adverse party has agreed to perform in the county where suit is brought." We think that appellee is within the foregoing rule because, as we have pointed out, appellant obligated himself to sell certain merchandise to appellee and to be delivered at Waco, Texas, and guaranteed satisfaction in weights and grades of the merchandise. It is our view that these written or typed in provisions in the form contract bring appellant within the last provision of the rule. That was the rule announced in Gottlieb v. Dismukes, Tex.Civ.App., 230 S.W. 792, points 2, 3 and 4 (no writ history). See also Heid Bros. Inc., v. Reisto, Tex.Civ.App., 247 S.W. 349 (writ ref.).

■ Finally, since this cause was tried without the aid of a jury, we cannot set aside the judgment of the trial court if there is any evidence of a probative nature to support it. See Burrus Mills, Inc., v. Phillips, Tex.Civ.App., 260 S.W.2d 427, point 1, and cases there cited. We think the typed in provisions in the contract are sufficient to support the implied finding of the trial court that it was the intention of appellant and appellee that the merchandise sold by appellant to appellee would be delivered to appellee in McLennan County at Waco, Texas, and that appellant obligated himself to perform the contract at Waco, which is a definite place in Mc-

Lennan County. See Art. 1995, Sec. 5, supra. Needless to say that it is the court's duty to take judicial knowledge that Waco is in McLennan County, and that Houston is in Harris County. Ross Bros. Horse & Mule Co. v. First National Bank of Coolidge, Tex.Civ.App., 158 S.W. 2d 819, point p. 820; Vinson v. Horton, Tex.Civ.App., 207 S.W.2d 432, point 4, p. 435.

Accordingly, the judgment of the trial court is affirmed.