### LUMMUS COTTON GIN SALES CO. v. MILLS. (No. 8065.)

(Court of Civil Appeals of Texas. Galveston. May 12, 1921. Rehearing Denied June 2, 1921.)

**1. Corporations ⬤⬤503(2)—Part of cause of action for breach of contract held to arise in county in which agent made sale subject to approval.**

Where defendant's agent was authorized to, and did, sell machinery subject to defendant's approval, a part of the cause of action for breach of the contract of sale accrued in the county where the agent made the sale, within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 24, relative to the venue of actions against private corporations, though defendant's approval of the contract occurred in another county, as the provision for approval of the contract related to the time and place it was made, and its approval by defendant was but a ratification of it.

**2. Corporations ⬤⬤503(2)—Cause of action for breach made up of breach and contract.**

As respects venue under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 24, a cause of action for the breach of a contract of sale is made up of the contract and its breach, and it takes both to constitute the whole cause of action.

**3. Appeal and error ⬤⬤1024(3)—Finding as to venue, supported by evidence, not disturbed.**

Where the evidence on the trial of a plea of privilege was sufficient to support a finding that part of the cause of action arose in the county where the action was brought, the Court of Civil Appeals cannot reverse such finding.

---

⬤⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

Action by Minnie Mills against the Lummus Cotton Gin Sales Company. From a judgment overruling defendant's plea of privilege, it appeals. Affirmed.

Spence, Haven & Smithdeal, of Dallas, for appellant.

Rowe & Kay, of Houston, and W. W. Campbell, of Lubbock, for appellee.

LANE, J. This is an appeal from an order of the district court of Brazoria county, overruling the plea of privilege of the Lummus Cotton Gin Sales Company, a Texas corporation domiciled at Dallas, Tex., hereinafter called the Gin Company, filed in a suit brought by Minnie Mills, a resident of Brazoria county, against it in said district court. The plaintiff alleged that on or about the 28th day of June, 1919, she and the defendant Gin Company entered into a contract, in Brazoria county, Tex., by the terms of which the Gin Company contracted and agreed to sell and deliver to her certain gin machinery in said county, and for which she agreed to pay the agreed contract price therefor, and that the Gin Company failed and refused to deliver said machinery, to her damage in the sum of $2,586.

The Gin Company filed its plea of privilege to be sued in the county of its domicile. It was alleged therein "that none of the exceptions to exclusive venue in the county of one's residence, mentioned in articles 1830 and 2308 of the Revised Statutes, existed in this cause." This plea was duly verified as required by law. Minnie Mills contested this plea, and, among other things, alleged that the contract in question was made in Brazoria county.

It was shown upon the hearing of the contest of the plea of privilege that one H. C. Miller, an agent of the Gin Company, who was, as such agent, authorized to make sales of gin machinery and take orders therefor, subject to the approval of the Gin Company, went to Brazoria county and there sold to the plaintiff, Minnie Mills, the gin machinery in question, subject to the approval of the Gin Company; that he took the written order of Minnie Mills therefor, and forwarded the same to the Gin Company at Dallas, Texas, and that in a few days thereafter the Gin Company approved the contract so made with Minnie Mills by its agent, H. C. Miller, and accepted the order for same by letters which read as follows:

"June 30, 1919.

"Minnie Mills, Anchor, Texas—Dear Madam: We acknowledge with pleasure receipt of your order of June 28th, covering cotton gin machinery, tendered us through our representatives, H. C. Miller & Son. Your order has been passed to our credit and mechanical depart-

ments, and they will write you further and more fully with reference to same.

"Thanking you, we are yours truly."

"Dallas, Tex. July 23, 1919.

"Minnie Mills, Anchor, Texas—Dear Madam: Referring to your valued order for ginning machinery, we are gratified to state that your references are found most satisfactory, and we therefore hereby gratefully accept the order and the same is passed to our files for proper attention. Taking this opportunity to express our very hearty appreciation of your kindness, assuring you that in all details the order will have our best attention, and that it will be our endeavor to merit a continuance of your favors, and asking that you further command us if we can render you service in any way, we beg to remain,

"Yours truly,

"Lummus Cotton Gin Sales Co.,

"George H. Ford, Manager."

The court rendered judgment overruling the plea of privilege, and from this judgment the Gin Company has appealed, and by its appeal contends that the court erred in overruling its plea of privilege, in that:

"The undisputed evidence in this case showing that appellant had no agent in Brazoria county, Texas; that H. C. Miller, Jr., a resident of Washington county, was authorized by appellant only to receive and transmit to it orders for its goods; that the appellee, in Brazoria county, signed and delivered to H. C. Miller, Jr., an order for machinery; that this order was sent in by Miller to appellant's office in Dallas county, Texas; and that appellant later accepted said order by a letter mailed to appellee from Dallas, Texas—the contract for the sale and delivery of the machinery upon which appellant sues was made in Dallas county, and not in Brazoria county, Texas."

[1] The contention of appellant cannot be sustained. We think the evidence shows that H. C. Miller was the agent of appellant to make sale of the machinery so sold by him, and that he did make such sale in Brazoria county, subject to the approval of appellant, and that appellant approved such sale. By subdivision 24 of article 1830, Vernon's Sayles' Civil Statutes, it is provided that suits against private corporations may be commenced in any county in which the cause of action or a part thereof arose. The contract of sale of the property in question was made in Brazoria county by H. C. Miller, the authorized agent of appellant.

[2, 3] The cause of action in this cause is made up of the contract and its breach. It takes these two parts to constitute the whole cause of action, within the meaning of the statute quoted, and since the contract was made in Brazoria county, a part of the cause of action arose in that county. The provision in the contract for its approval by appellant in Dallas related to the time and place it was made, and its approval by appellant at Dallas was but a ratification of it. Westinghouse Electric Co. v. Troell, 30

Tex. Civ. App. 200, 70 S. W. 324. We must hold that the evidence was sufficient to support a finding that a part of the cause of action arose in Brazoria county, and we are therefore not at liberty to reverse the findings of the trial court upon that issue.

The judgment of the trial court is affirmed.

Affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes