## CITIZENS' STATE BANK et al. v. ALEXANDER. (No. 9399.)

(Court of Civil Appeals of Texas. Dallas. June 6, 1925.)

**1. Lis pendens ⟢24(4)—Bank, under rule of lis pendens, held to hold stock subject to adjudication of plaintiff's rights therein.**

Where plaintiff sued to recover bank stock from her father, bank to which he transferred stock during pendency of suit held it, under rule of lis pendens, subject to adjudication of plaintiff's rights.

**2. Venue ⟢22(1)—Defendant bank held suable out of resident county under statute, when sued in connection with resident defendant properly joined.**

Where plaintiff's father, during pendency of action against him by plaintiff to recover stock, transferred same to defendant bank, they were proper parties defendant to suit, and may be sued out of county of residence under exception 4 to article 1830, Rev. St., providing they are sued together, with resident defendant properly joined in suit.

**3. Pleading ⟢111—Contest of plea of privilege a statutory proceeding.**

Trial arising on contest of plea of privilege is a statutory proceeding, separate and aside from case on its merits.

**4. Pleading ⟢110—Plea of privilege, in statutory form, establishes prima facie right of asserting party to have change of venue.**

Plea of privilege, in statutory form, establishes prima facie right of party asserting plea to have venue of case changed.

**5. Pleading ⟢111 — Contesting affidavit to plea of privilege must show existence of exception to exclusive venue.**

If plea of privilege is contested, contesting affidavit under statute must show existence of exception to exclusive venue relied on to maintain venue in court where suit is pending.

**6. Pleading ⟢111—Allegations of plaintiff's petition may be incorporated as part of contesting plea.**

Allegations of plaintiff's petition may be incorporated into and become part of contesting plea, but in such event can only be considered as predicate for introduction of evidence, but not as evidence of any fact necessary to maintain venue.

**7. Pleading ⟢111—Allegations of contesting plea must be proved.**

Allegations of a contesting plea, interposed to plea of privilege, must be proven as an allegation of any other pleading.

**8. Venue ⟢22(1) — Facts creating exception to exclusive venue in county of defendants' residence must have existed at time defendants brought into suit as such.**

Where defendants, sued in county other than that of residence interposed plea of privilege which plaintiff controverted, facts relied on by plaintiff to create exception to exclusive venue of county of residence, as provided under provision of exception 4 to article 1830, Rev. St., must have existed at time they were brought in as defendants.

**9. Pleading ⟢111—Plaintiff's petition not considered as evidence in support of controverted plea interposed to plea of privilege.**

Where defendant, sued in county other than that of residence interposed plea of privilege, which plaintiff controverted, plaintiff's petition cannot be considered as evidence, tending to show existence of fact relied on, conferring venue of suit on court below.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by Gertrude Alexander against the Citizens' State Bank and others. From an order overruling pleas of privilege, defendants appeal. Reversed and remanded, with instructions.

Gresham & Willis, of Dallas, for appellants.

Read, Lowrance & Bates, of Dallas, for appellee.

LOONEY, J. This appeal is from an order of the trial court, overruling the pleas of privilege interposed by plaintiffs in error.

The case out of which these proceedings arise is the same from which an appeal to this court was prosecuted from a similar order, styled Alexander v. Alexander, reported in 265 S. W. 1072. A satisfactory statement of the nature of the main suit and of the issues involved will be found in the opinion of this court in the report of the case just mentioned.

It seems that during the pendency of the suit Samuel Alexander, the resident defendant, transferred to each of the plaintiffs in error, as collateral security, a part of the bank stock, for the recovery of which the suit was instituted. After these transactions, Samuel Alexander died, leaving as his only heirs at law three minor children, to wit, Gertrude Alexander (plaintiff herein), Walton Alexander, and Josephine Alexander.

These facts where set up by plaintiff in an amended petition, in which she made Walton and Josephine Alexander, alleged to reside in Dallas county, and the two banking corporations, alleged to have their domicile in Travis county, defendants.

The plaintiffs in error filed pleas asserting their privilege to be sued in Travis, the county of their domicile. These pleas were contested by defendant in error and, on hearing, were overruled by the court, from which order this appeal is prosecuted.

[1,2] Plaintiffs in error having acquired from Samuel Alexander, during the pendency of the suit, the interests they now claim in the bank stock, will hold the same under the rule of lis pendens; that is to say, subject to the adjudication by the court as to the rights of

the defendant in error. Although plaintiffs in error may not be considered necessary parties, unquestionably they are proper parties to the suit, and may be sued out of the county of their residence under exception 4 to article 1830, Revised Statutes, provided they are sued in connection with a resident defendant properly joined in the suit.

This suit is sought to be maintained in Dallas county under exception 4 to article 1830, on the theory that the suit was properly revived after the death of Samuel Alexander, by making his two minor children and heirs at law, residents of Dallas county, defendants in his stead, and that plaintiffs in error are either necessary or proper parties to the suit. As we have just stated, it satisfactorily appears that plaintiffs in error are proper parties to the suit, but the record is silent as to any evidence in regard to the residence of the two minor heirs of Samuel Alexander.

[3-7] The trial that arises on a contest of a plea of privilege is a statutory proceeding, separate and aside from the case on its merits. The plea itself, in statutory form, establishes prima facie the right of the party asserting the plea to have the venue of the case changed. If the plea is contested, the statute requires that the contesting affidavit shall allege the specific fact, or facts, that show the existence of the exception to exclusive venue relied on to maintain venue in the court where the suit is pending. The allegations of plaintiff's petition may, by apt language, be incorporated into, and thus become a part of, the contesting plea, but in such event they can be considered only as a predicate for the introduction of evidence, but cannot be considered evidence of any fact necessary to maintain the venue. The allegations of the contesting pleas, which, by incorporation, may include the allegations of the petition, must be proven as the allegations of any other plea, and thus the fact or facts must be shown to exist that justify the maintenance of the suit in a county other than the county of the residence of the party asserting the plea of privilege.

[8] The fact that Samuel Alexander, at the time this suit was instituted against him to recover the bank stock, and at the time he made the transfer of a portion of said stock to each of the plaintiffs in error, and at the time of his death, was a resident citizen of Dallas county, Tex., will not authorize the maintenance of this suit in Dallas county against plaintiffs in error over their protest under the provisions of exception 4 to article 1830. If the suit is maintainable against them, the fact or facts creating the exception to exclusive venue must have existed at the time they were brought in as defendants.

[9] It appears, from the allegations of the petition of the defendant in error, that the heirs of Samuel Alexander, who were made defendants after his death, were residents of Dallas county at the time plaintiffs in error were sued, but we are not at liberty to consider these allegations as evidence of the fact. Meadows & Co., Inc., v. J. E. Turner, 270 S. W. 899, decided by this court March 7, 1925, not [officially] reported.

The case will be reversed and remanded for further proceedings. The court below will ascertain the fact as to the place of residence of the minor defendants at the time plaintiffs in error were brought into the suit, and, if at that time their residence was in Dallas county, the pleas of privilege should be overruled, but, unless the fact thus appears, the pleas should be sustained, and the venue of the case as to plaintiffs in error transferred to the proper court of Travis county.

Reversed and remanded, with instructions.