**FAGG v. BENNERS.**

**No. 1092.**

Court of Civil Appeals of Texas. Waco.

Feb. 18, 1932.

Rehearing Denied April 7, 1932.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Cecil. L. Simpson, of Dallas, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted from an order overruling a plea of privilege. Appellee, W. H. Benners, Jr., instituted this suit against appellant, W. W. Fagg, in the district court of Dallas county. He alleged that appellant was a transient person, and at that time could be found in said county. Appellee, for cause of action, alleged that appellant had theretofore sold to him and another, by written contract, a certain machine known as an Eze Freeze Freezer, of a particular kind and make, with the exclusive right to use and operate the same in the city of Dallas. He further alleged that he had acquired all the rights of such other person. He also alleged that said machine was used for making frozen custard, and was being operated by appellant at the time of such purchase at a location on Elm street in said city; that appellee operated the same at that location for

the remainder of the year 1928, and that he moved to a location on Zangs boulevard and operated the same at that place during the year 1929, and was preparing to continue to operate the same at that location during the summer of 1930; that appellant also sold to Polar Bear Products Company, a corporation, a machine of the same kind and make; that said corporation deprived him of said location, and installed and operated its machine therein; and that appellant assisted, aided, and abetted it in doing so. Appellee further alleged that such action on the part of appellant constituted a breach of said contract, and that he was damaged by such breach in the sum of $11,500. Appellee's petition was filed in said court on June 11, 1930. Citation was immediately issued and on the same day served on appellant in said county.

Appellant filed a plea of privilege, claiming to be a resident of Childress county, Tex., and asking that the suit be transferred to that county for trial. Appellee in due time filed his controverting affidavit, claiming venue in Dallas county on the ground that appellant was a transient person, and on other grounds not necessary to mention.

A hearing was had before the court on the issue of venue alone, and judgment entered overruling the plea of privilege.

Opinion.

Appellant presents an assignment of error in which he asserts that the court erred in overruling his plea of privilege asking that this suit be transferred to Childress county. Among other contentions urged thereunder is one that the testimony before the court was insufficient to show that he was at the time of the institution of this suit a transient person found in Dallas county, within the meaning of subdivision 2 of article 1995 of our Revised Statutes. Said subdivision provides that a transient person may be sued in any county in which he may be found. A transient person, within the meaning of said subdivision, is one who is found in the state but who has no fixed place of residence therein. Loos v. Swaim (Tex. Civ. App.) 16 S.W. (2d) 350, 352; Burns v. Napier (Tex. Civ. App.) 19 S.W.(2d) 578, 579 et seq. The contract sued on was introduced in evidence. It was dated May 30, 1928, and recited that appellant, the grantor therein, was "of the County of Harris and State of Texas." Appellee testified that at that time appellant's place of business was in Houston, Harris county, and that appellant's printed stationery showed that to be his post office address; that he addressed mail to appellant at that point, and received replies thereto, and that appellant told him that Houston was his headquarters; that thereafter, in the latter part of 1929 or early part of 1930, appellant.

wrote him that he had moved his office from Houston to Memphis, Tenn. Appellee further testified that he saw appellant in Dallas in July or August, 1929; that appellant told him at that time that he had bought a ranch in Arkansas; that the same was a central location for him, due to the fact that he was going to operate stores in Kansas City, Memphis, and St. Louis; that he saw appellant in Dallas again in the evening of June 10, 1930, the day before this suit was filed; that appellant stated in a conversation with him at that time that he had stores in St. Louis and Memphis, that he had purchased and was making his home on a ranch in Arkansas. Appellee testified that he said to appellant in that connection, "You move around a whole lot, where do you live?" that appellant replied, "I don't know, Mr. Benners, what would be considered my residence; I guess Houston would be considered my legal residence; I don't know."

Appellant thereupon testified in his own behalf that he resided in Childress county, Tex., and had made his home at that place since 1901; that he owned a furnished home there; that he usually spent from three to four months there during the winter season; that during the summer season he was engaged in selling Eze Freeze Freezers, commonly known as frozen custard machines; that during the summer season he made his headquarters at various places where he had business districts; that he paid poll taxes and maintained a voting residence in Childress; and that that place was his residence at the time of the institution of this suit. He testified on cross-examination that the last poll tax he had paid was in 1928, but that he did not remember whether he voted that year or not; that he was in Memphis at the time of the last election, and did not go home to vote; that he had been in Memphis since the preceding March, and was at the time of the filing of this suit operating a stand there where he sold frozen custard; that his wife was with him there. There was no testimony that appellant's wife ever stayed at Childress in his absence. Appellant further testified that he did own land in Arkansas, but claimed he purchased it for speculative purposes, and that, though he and his wife on one or two occasions had spent some time in a nearby village while he looked over the land, he had never even spent as much as a night thereon. He testified that he did live in Houston at the time he executed the contract sued on, but that that did not necessarily mean he resided there; that he no longer maintained an office at that place; that he had not been in Childress since December, 1929.

■ Appellant's plea of privilege merely placed upon appellee the burden of proving one or more of the grounds of venue alleged in his controverting affidavit by a preponderance of the evidence, which means the greater degree and weight of credible testimony. What constitutes such preponderance is ordinarily a question for the determination of the court or jury trying the cause or issue. No findings of fact were requested by appellant, and none were filed. A specific finding in favor of appellee on the issue of whether appellant was a transient person within the meaning of the venue statute must therefore be implied, if there is any testimony to support such finding. When passing upon the sufficiency of the testimony to sustain such finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention, and considering only the facts and circumstances which tend to sustain the same. Hines v. Kansas City Life Insurance Co. (Tex. Civ. App.) 260 S. W. 688, 690, pars. 2 and 3, and authorities there cited. The testimony supporting appellant's theory that he at the time of the institution of this suit resided in Childress county came from him alone. He being an interested witness, his credibility and the weight to be given to his testimony were questions for the trial court. His testimony that he resided in Childress county could do no more than raise an issue of fact for the determination of that court. Pope v. Beauchamp, 110 Tex. 271, 280, 219 S. W. 447, and authorities there cited; Stone v. City of Wylie (Tex. Com. App.) 34 S.W.(2d) 842, 845, par. 6, and authorities there cited; Casualty Reciprocal Exchange v. Parker (Tex. Com. App.) 12 S.W.(2d) 536, 537, par. 1; Head v. Scurr (Tex. Civ. App.) 8 S.W.(2d) 819, 821, par. 2; Youngblood v. Youngblood (Tex. Civ. App.) 46 S.W.(2d) 390. That court having determined the issue in favor of appellee, it is our duty to affirm its judgment. Williams v. Henderson County Levee Imp. Dist. No. 3 (Tex. Com. App.) 36 S.W.(2d) 204, 205, pars. 1 and 3.

The judgment of the trial court is therefore affirmed.