## UNITED APPLIANCE CORPORATION v. BOYD.

No. 13559.

Court of Civil Appeals of Texas. Fort Worth.

June 11, 1937.

Rehearing Denied Sept. 3, 1937.

Richard Owens, of Fort Worth, for appellant.

W. E. Fitzgerald, of Wichita Falls, for appellee.

SPEER, Justice.

This appeal involves the plea of privilege. The issue before us is whether or not plaintiff's petition and controverting affidavit raise a sufficient issue of venue facts as against defendant's plea of privilege and its general demurrer to plaintiff's pleadings.

The parties will be referred to throughout this opinion as they appeared in the trial court.

Plaintiff's controverting affidavit, which embraced his original petition, discloses that defendant is a corporation; that early in January of 1936 plaintiff went to Fort Worth, the place of defendant's general office in Texas, and made a contract with defendant, by the terms of which he was to be the exclusive agent for defendant in Clay county, Tex., for the sale of defendant's merchandise, consisting of refrigeration units known as "Electrolux." He alleged that under the terms of the contract he was to have the exclusive agency for the sale of said merchandise in Clay county, and that he was to buy defendant's merchandise at an agreed price of the various and sundry kinds and sizes thereof, and to sell the same in Clay county at prices agreed upon between him and the defendant, and that the prices at which he was to buy, as well as those at which he was to sell, were furnished to him by defendant; that as a part of the said contract plaintiff obligated himself to procure a suitable business house in the town of Henrietta, the county seat of Clay county, in which building he was to store and display the merchandise so purchased and offered for sale by him; that he also obligated himself to purchase from defendant certain tools and equipment with which to install and service the refrigeration units sold by him; that he also obligated himself to employ helpers and soliciting agents to aid in selling the merchandise.

Plaintiff further averred that in carrying out his portion of said contract for the exclusive agency in Clay county of defendant's merchandise and the sale by it to him at the price agreed upon when ordered by him, he did procure said building at Henrietta, Tex., purchased all of said tools and equipment required of him under the terms of the contract, and employed agents and helpers to assist in soliciting and selling said merchandise.

Plaintiff's allegations further show that from time to time he purchased certain of defendant's refrigeration units at the price agreed upon in the contract and had them shipped to Henrietta, Tex., and that he paid the agreed price therefor upon their arrival at destination.

The period of time covered by the agreement and contract between the parties is mentioned in paragraph 6 of plaintiff's petition, which reads: "Plaintiff would further represent and show unto the court that he could have easily, during the year 1936, had he been permitted to carry out his contract and agreement and been given exclusive agency of the territory of Clay County, Texas, made a clear profit of all expenses in selling said merchandise of

$5,000.00, or making a total damage to this plaintiff of $7,597.92."

Plaintiff alleges that on or about April 1, 1936, the defendant, without fault on his part, breached its contract of exclusive agency to plaintiff in Clay county, Tex., and wrongfully canceled and terminated its contract with plaintiff for said agency and placed another man in said territory as agent for the sale of its merchandise and thereby deprived plaintiff of the right acquired by him under and by virtue of his contract; that at the time defendant wrongfully breached its contract he had on hand, of merchandise so purchased by him from defendant under the terms of his contract, certain units and the tools and equipment required of him to be purchased, and that because his right to sell said merchandise was withdrawn by defendant, it became worthless on his hands and the value thereof was a total loss to him; that his damages in procuring said building, procuring helpers and agents at an expense of $1,000, and the merchandise, tools, and equipment left on his hands aggregated $1,577.78, and that if he had been permitted to carry out his contract he would have earned $5,000 net profit during the remainder of the year; and that the total damages incurred by him as the result of the wrongful termination of the contract by defendant was $7,597.92.

Plaintiff alleged specifically that defendant being a corporation, the contract was performable in whole or at least in part, and was breached by defendant in Clay county, and that venue of this suit under exception No. 23, article 1995, Rev.Civ. Statutes, was in Clay county, Tex.

Defendant timely filed its plea of privilege to be sued, if at all, in Tarrant county, Tex., and this plea was, within the proper time, controverted by plaintiff as provided by article 2007, Rev.Civ.Statutes. The nature of the controverting plea has already been stated above.

The defendant filed its general demurrer to the sufficiency of plaintiff's controverting affidavit and pleading, which, as we understand the rule, make issues of venue facts necessary to be proven to overcome the prima facie right of defendant to have the cause removed to its alleged place of residence under its plea of privilege.

A trial of the issues was had before the court, and thereafter judgment was entered overruling the plea of privilege,

from which judgment the defendant has perfected this appeal.

The judgment of the court is challenged by defendant upon several grounds, such as: (a) The petition did not disclose that the contract was entered into on behalf of defendant by any person authorized to bind it; (b) because the testimony offered does not show plaintiff to have sustained any damages. But by the reading of the statement of facts before us, these contentions we find to be without merit.

A further contention by defendant is made that the judgment overruling the plea of privilege cannot be sustained for the reasons: (1) Because the petition did not specify for what length of time the contract claimed by plaintiff was to run; (2) because the contract, for the breach of which plaintiff sues, was without consideration, there being no mutuality alleged therein; that it was unilateral and did not obligate defendant to do anything and was therefore void, unenforceable, and plaintiff could not recover damages for defendant's breach.

In the discussion of these attacks by defendant on the judgment of the court, it will be borne in mind that the sufficiency of plaintiff's pleadings as a basis of proof of venue facts is to be tested by the rules governing general demurrers. Only a general demurrer was urged to plaintiff's pleadings; there being no complaint thereof raised by special exceptions.

Defendant's contention is that since the pleadings do not disclose that the contract was to last through any definite period of time, no action would lie against one of the parties for terminating it. Certainly in a broad sense this contention is sound. If the agreement, as disclosed by the pleadings, was to the effect that defendant would extend to plaintiff the exclusive agency to sell its merchandise in Clay county, for such period of time as it was agreeable to both parties, then either party would have a right to terminate the contract at will, and no damages could be claimed by the other for that act.

In a consideration of the point before us, we have no concern of, and do not undertake to pass upon, what took place between the parties relative to the life of this contract; but only the disclosures made by plaintiff's pleadings with reference thereto. To do this we must discover, if we can, the meaning of plaintiff's plead-

ings as affected only by the interposition of a general demurrer by defendant.

There are so many authorities in this state on the question of the effect a general demurrer has on a pleading that it would unnecessarily extend this opinion to give them all. The principles are tersely stated in Texas Jurisprudence and there the respective decisions are cited, and as we proceed and cite Texas Jurisprudence, attention will be called to the cases under the respective sections referred to by us.

It is unnecessary for us to go into a discussion of the effect of a special exception urged to a pleading, since no special exception was presented in this case to the sufficiency of any part of plaintiff's pleadings. Suffice it to say that there is a material difference in the effect to be given to a special exception and that of a general demurrer. It is said in 33 Tex.Jur. p. 560, § 126: "The office of a general demurrer is to call into question the legal sufficiency of the facts alleged, either in respect of the whole pleading or of one of several causes of action or defensive pleas. The office of a special exception, on the other hand, is to require the plaintiff to state more fully, clearly, specifically or formally the facts on which he relies in order that the defendant may prepare his evidence and guard against surprise."

As early as the case of Robinson v. Davenport, 40 Tex. 333, 334, 341, our Supreme Court laid down the rule that as against a general demurrer the allegations of a pleading are to be taken as true and the effect of such general demurrer is to put in question the sufficiency of facts alleged and not the manner of stating such facts in order to entitle the pleader to introduce proof of the truth of his allegations.

In 33 Tex.Jur. p. 553, § 120, it is said: "It is an elementary rule of pleading that an exception which goes to a whole pleading, that is to say, a general demurrer, concedes the truth of what is alleged in the pleading objected to * * *." And it is further laid down in the same text, at page 555, same section: "The verity, thus accorded, extends to what, by fair implication, the pleader intended to allege, as well as to what is explicitly stated." And again, in the same text and volume, page 631, § 178, the rule is announced: "The pleading will be construed as favorably to the pleader as possible. The court will seek to discover the intendment of the pleader, and the pleading may be upheld even if some element of the cause of action or defense has not been specifically averred. In other words, every fact will be supplied that may reasonably be inferred or regarded as being implied by what is specifically stated. This rule is said to be so well-settled as not to require the citation of authority, and it is sometimes so announced."

To the same effect as the general rule above stated, is the holding in the case of Garza v. Kenedy (Tex.Com.App.) 299 S.W. 231, 233, wherein it was said: "In testing the sufficiency of a petition by a general demurrer, much liberality is indulged by the courts, even though much of the pleading is made up of what is generally termed 'conclusions of the pleader,' drawn from the facts not revealed. Yet, such a defect in pleading can only be reached by special demurrer against that defect and cannot be reached by general demurrer. Bragg v. Houston Electric Co. (Tex.Civ.App.) 264 S.W. 245; Saner-Ragley Lumber Co. v. Spivey (Tex.Civ.App.) 255 S.W. 193."

The point under discussion is whether or not plaintiff's allegations were sufficient, as against a general demurrer, to show the contract between the parties was to remain in effect a definite length of time. In the general statement made by us as to the nature of plaintiff's pleadings, we quoted paragraph 6 of the original petition, which later became a part of the controverting answer. The paragraph quoted is the one relied upon by plaintiff, to show the period of time covered by the contract. Under the rules of law well established in this state, as has been shown, the allegations of facts therein must be considered as true; the pleading will be construed as favorably to the plaintiff as possible. Every fact may be supplied that could reasonably be inferred, or regarded as implied by what is specifically stated. And if, by these rules and the liberal indulgence universally practiced by the courts in such circumstances, it can be said that the pleadings show the contract was to continue for a definite length of time, defendant's contention on this point cannot be sustained.

The pleadings nowhere, in so many words, say the contract was to begin with January 1, 1936, and terminate at the end of that year; however, we think the allegation attacked by the general demurrer

could be paraphrased, without doing violence to its meaning, so as to read: "If plaintiff had been permitted to carry out his contract with defendant, for the exclusive agency to sell its goods in Clay County during the year 1936, as agreed upon between the parties, he could and would have earned a profit of $5000.00."

For the purpose of verifying the comparison thus made, we repeat the allegation referred to: "Plaintiff would further represent and show unto the court that he could have easily, during the year 1936, had he been permitted to carry out his contract and agreement and been given exclusive agency of the territory of Clay County, Texas, made a clear profit of all expenses in selling said merchandise of $5,000.00, or making a total damage to this plaintiff of $7,597.92." This is equivalent to having alleged that his contract continued through the year 1936 and, had he been permitted to carry it out and retain the exclusive agency of the said territory, he could and would have made the profit named by him.

True, plaintiff's pleadings may not be established by the testimony offered thereunder, yet the testimony which was offered, and without objection on the part of defendant, points to the intention of plaintiff in his allegation of the period of time covered by the contract. He testified that under the agreement with defendant he was to have the exclusive agency to sell the refrigeration units during the whole season, and that by the expression "season" he meant to cover the time from January the first to the next. This testimony was not challenged by defendant and supports plaintiff's contention that his allegations were such as could be fairly construed to mean that the contract ran throughout the entire calendar year of 1936.

In view of the rules announced and the pleadings referred to, we believe they were sufficient as against a general demurrer to show the contract was to extend through the year 1936.

Defendant has cited us to many decisions which it contends support its theory that because the plaintiff did not allege a definite period of time in which the contract should be effective, it was unenforceable. Some of the cases so cited support defendant's contention, yet, as we have shown, the petition under the rules of construction mentioned does mean a period of time in which the contract should run, and the authorities cited would be inapplicable to the facts of this case. If we are correct in our construction of plaintiff's petition, then the cases cited by defendant are easily distinguishable from the one at bar.

This brings us to a discussion of defendant's contention that plaintiff's petition did not disclose that a valid contract was entered into between the parties; it being contended that the pleadings of plaintiff disclosed that the alleged contract was void for want of mutuality, that is, it was unilateral. The test of mutuality, as laid down by 10 Tex.Jur. p. 160, § 94, and the many authorities cited thereunder, is as follows:

"Generally there is mutuality in the case of mutual promises by both parties to the contract which furnish a consideration each for the other, or where both parties undertake to do something—even though every obligation of one party is not met by an equivalent counter obligation of the other."

In the same text, at page 170, § 99, it is said: "The test of mutuality is to be applied as of the time when it is sought to enforce the promise of one of the parties, and not as of the time when it was made."

Again, same volume, page 171, § 100, the rule is stated in this language:

"Want of mutuality is no defense to the enforcement of an executed contract; and a party cannot successfully plead unilateralness in a contract which he has performed in whole or in part. Nor can a party who has actually received the consideration for a contract, escape liability for breach of its covenants on the ground that it did not bind the opposite party to perform, where the latter has actually performed.

"Though a contract is lacking in mutuality when it is made and while it is wholly executory, performance in whole or in part by the promisee supplies a consideration on his part, and renders the contract binding upon and enforceable against the other party. A promise by one party to do something if the other party will do something is not binding upon the promisor until the promisee engages to do, or does or begins to do, the thing specified, and until then may be withdrawn. But it is a continuing promise until the promisee does the thing required of him, and if the promisee subsequently binds himself to do the thing, or

begins to do it in a way that obligates him to complete it, there is then mutuality of obligation, and the promisor is bound. The promisor is also bound if the promisee does the thing required, though without any promise to do it, since this supplies a consideration for the original promise."

It is contended by defendant that no cause of action against it is shown by plaintiff's pleadings, for the reason (a) no consideration for the contract is alleged; (b) because the pleadings of plaintiff disclosed that such agreement as was entered into was lacking in mutuality and was therefore unilateral and unenforceable. In its broadest sense it may be said that in the inception of the contract, defendant exchanged a promise for a promise; that is to·say, it promised to give unto plaintiff the exclusive agency of its refrigeration units in Clay county in consideration of the promise upon the part of plaintiff that he in turn would procure a place in Henrietta in which to display the merchandise, that he would purchase the tools, equipment, and apparatus to enable him to install and service the merchandise, and further that plaintiff would procure soliciting agents and helpers in Clay county to aid him in the sale of the merchandise at precisely the price listed by defendant for such sales. The pleadings further disclosed that this contract was at least partially performed; that the defendant did in fact assign and let unto plaintiff the designated territory; and that he (the plaintiff) in turn performed all of the promises and obligations enjoined upon him by the terms of the contract. This performance upon the part of both relieved the contract of its lack of mutuality and neither party would be at liberty to thereafter terminate it for unilateralness and escape liability for its breach.

We think it unnecessary to the validity of plaintiff's petition that he should in so many words allege that there was a consideration moving to each of the parties. Such a statement would of necessity fall within the class termed "conclusions of the pleader.". The facts alleged disclosed the consideration to each party without the necessity of a summing up by the pleader in such a statement as that "the foregoing facts constitute a valuable consideration."

The testimony adduced discloses that defendant had let to other dealers all of the territory adjacent to Clay county and that the plaintiff was bound under the terms of the agreement to refrain from selling any merchandise purchased by him from defendant to any person outside of Clay county, and at prices other than those fixed by the defendant. It is not hard to see, under this state of facts, how defendant could be benefited by plaintiff strictly observing these requirements. From the proof offered by plaintiff, it is equally apparent that the contract was beneficial to him, since he proved without contradiction that during the months of February and March, prior to the time defendant is alleged to have wrongfully breached the contract, he sold 14 units at a profit to him ranging from $70 to $150 on each unit.

We think the assignment of error by defendant, to the effect that the contract was void because of a lack of mutuality, rendering it unilateral, is without merit and should be overruled.

Plaintiff contends that the district court of Clay county had venue in this cause under exception No. 23 of article 1995, Rev.Civ.Statutes. That exception, among other things, provides: "Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose."

Upon the trial, plaintiff proved defendant was a corporation and that he was to have the exclusive agency of the merchandise of defendant in Clay county, Tex., for the whole season, which, he testified, meant the current year of 1936; that the contract was breached by defendant on or about April 1, 1936, resulting in his damages in kind and amounts as set out in his pleadings.

In construing exception No. 23 to article 1995, Rev.Civil Statutes, our courts have uniformly held that the expression "in any county in which the cause of action, or a part thereof, arose" meant the county in which the contract was breached as well as the county in which the contract was made. Houston & T. C. Ry. Co. v. Hill, 63 Tex. 381, 51 Am.Rep. 642; Southern Cotton Press & Mfg. Co. v. Bradley, 52 Tex. 587; Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S.W. 593; Adamson v. Collins (Tex.Civ.App.) 286 S.W. 598; Avery Co. v. Wakefield (Tex.Civ. App.) 225 S.W. 875, and cases there cited.

We therefore conclude that under the rules of construction laid down by our

courts as hereinabove mentioned, the plaintiff's petition, as against a general demurrer alone, sufficiently disclosed that the contract was for a definite period of time and that the contract was not open to the attack of a lack of mutuality. We further conclude that the proof offered was in every way sufficient to establish a prima facie right of recovery by plaintiff against defendant for a breach of the contract in Clay county, Tex., and that there was no error in the action of the trial court overruling defendant's plea of privilege.

All other assignments of error raised by defendant and not specifically discussed herein have been carefully considered by us and are overruled.

There being no error shown, the judgment of the trial court overruling defendant's plea of privilege is in all things affirmed.