## WILLIAM R. CARMICHAEL, Inc. v. WINKLEY.

### No. 9917.

Court of Civil Appeals of Texas. Austin.

Nov. 22, 1950.

Rehearing Denied Dec. 13, 1950.

Irion, Cain, Bergman & Hickerson, by J. B. Perry, of Dallas, for appellant.

W. Wroe Owens, and Charles L. Krueger, both of Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

Plaintiff below, J. W. Winkley, is an individual residing in Austin. Appellant, defendant below, is a foreign corporation with a permit to transact business in Texas, with its principal place of business at Dallas, and was at all times pertinent to this suit a distributor for Gibson tractors and implements.

Plaintiff sued defendant for damages for breach of contract. Plaintiff alleged that the contract sued upon provided that defendant, William R. Carmichael, Inc., would make plaintiff its master dealer, and that

defendant would give and grant to plaintiff the exclusive right to appoint sub-dealers and to sell Gibson tractors and implements in ten named counties in Texas, including Travis County.

Plaintiff alleged that, in pursuance of said contract, he incurred certain expenses and devoted time, labor and money in establishing sub-dealers and advertising such tractors and implements, and that soon thereafter defendant breached the contract by entering into a contract with another party, making it and him, the plaintiff, the master dealers in the named ten counties. Plaintiff alleged damages in the total sum of $9,000.

Defendant duly filed its plea of privilege to be sued in Dallas County, the county of its residence.

Plaintiff filed his plea controverting the plea of privilege.

At the hearing held on May 26, 1950, the plea of privilege was overruled.

This appeal is before us on six points assigned as error of the trial court in overruling the plea of privilege. The first is that the contract sued upon was in violation of the anti-trust laws of Texas; the second is that the alleged contract had been abandoned; third, that the alleged contract was not in effect at the time of the alleged breach; fourth, that the plaintiff did not prove a contract upon which a cause of action could be based; fifth, that plaintiff did not plead or prove any fraud was committed in Travis County; and, finally that the cause of action alleged in the petition must control.

■■■■ The basis of this cause of action is an alleged contract made and performable in Travis County, Texas, and hence that the cause of action or a part thereof arose in Travis County so as to come within the Exception 23 to Article 1995, Vernon's Ann. Civ.St.

We recognize the settled law that: "Distinction should be noted at the outset between a trial upon a plea of privilege and a trial upon the merits of a case. The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction." Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, 677.

On page 14 of the statement of facts, when the plaintiff Winkley was testifying, he was asked on cross-examination as to a letter, and counsel quoted from it. We believe the entire letter and the testimony of appellant that:

"Q. Did you enter into a contract with Mr. Winkley for him to be sub-dealer or dealer for Gibson tractors? A. We entered into a deal with him to give him a chance to attempt to set up some dealers. We entered into an arrangement with him whereby he was given a reasonable period of time in which to show that he could set up dealers and would set up dealers in some counties down here adjacent to Austin,—I don't recall the exact counties,—if he did certain prescribed things. We were attempting to set up a key-dealer organization. We did not know whether it would or would not work. We discussed quite frequently at a meeting in Dallas what we thought and asked for ideas on it, and subsequently we did give him a dealership.

"Q. Now, in your agreement with him did you give to him certain counties as his territory in which to sell Gibson products? A. Yes; for a period of time. He was to have a time that he could either do it or couldn't do it. He was never given a regular contract form.

"Q. No written contract? A. No, sir.

"Q. When these counties were designated as his territory did you agree with him that you would not sell nor permit anybody else to sell Gibson products in those counties?

"Mr. Owens: I object to that as leading and calling for a conclusion.

"The Court: I will let him answer it.

"Mr. Owens: Note our exception.

"Mr. Perry: He testified to that himself awhile ago.

"A. I think I did answer it—yes.

"Q. Your answer is 'Yes'? A. Yes.

"Q. Did you require that Mr. Winkley confine his sales of Gibson products to those specified counties? A. Yes, sir. * * *"

is enough to constitute a cause of action or part thereof arising in Travis County, and hence comes within Exception 23 of Article 1995, V.A.C.S.

We do not deem that it is necessary to pass on any of the assignments raising defensive matters only, as they pertain to the merits of the cause of action and have no proper place in a proceeding involving only a plea of privilege and the question of venue. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; Texas Plains Lodge No. 105 v. Cleghorn, Tex.Civ.App., 207 S.W.2d 109.

The judgment of the trial court is affirmed.