**DAVENPORT v. CABELL'S, Inc. et al.**

No. 6521.

Court of Civil Appeals of Texas.
Texarkana.

April 12, 1951.

Rehearing Denied May 10, 1951.

Pollard, Lawrence & Reeves and Robert S. Boulter, all of Tyler, for appellant.

Gist, Wilson & Prothro, Tyler, for appellees.

LINCOLN, Justice.

The district court sustained the plea of privilege filed by defendants Cabell's, Inc., Dairyway Stores, a corporation, Crockett Estates, Inc., Earle Cabell and Ben Cabell, and ordered the case transferred to Dallas County, the domicile and residence of all the appellees. Appellant asserts venue in Smith County under Subdivisions 23 and 29a of Art. 1995, R.S. of Texas, Vernon's Ann.Civ.St. art. 1995, subds. 23, 29a. After hearing the trial court filed findings of fact, among them, that plaintiff resided in Smith County, that defendants Cabell's, Inc., and Crockett Estates, Inc., are corporations domiciled in Dallas County; that Dairyway Stores is an assumed name used by Cabell's, Inc., and that Ben Cabell and Earle Cabell each reside in Dallas County. The evidence supports these findings, in fact, is uncontradicted. Other findings filed by the court, material to this appeal, are:

(1) A franchise agreement between appellant and Cabell's Inc., dated January 9, 1948, providing for appellant to operate a "Dairyway Store" in Tyler, was mutually abandoned by the parties on June 9, 1948, because of the financial inability of appellant to carry out the terms of the agreement.

(2) Appellant was not induced to abandon the franchise agreement by misrepresentations, fraud, nor by promise of future contract or other inducement.

(3) No contract existed between appellant and any of appellees at any time after abandonment of the franchise agreement.

(4) No partnership arrangement existed at any time between appellant and any of appellees.

(5) From the latter part of May, 1949, to July 27, 1949, appellant was an employee of Cabell's, Inc., as manager of its Dairyway Store in Tyler, and that on July 27, appellant of his own volition and accord terminated the employee and employer relationship.

(6) No cause of action or part thereof against appellees arose in Smith County.

The trial court's conclusions of law are substantially the same as the foregoing findings of fact. As we construe appellant's brief, he does not challenge that there is sufficient evidence to support the foregoing findings. His contention is that he discharged the burden of proof by introduction of evidence that a partnership existed between him and appellees for the operation of a Dairyway Store in Tyler, whereby he was to operate the business and receive 50% of net profits and appellees 50%, a drawing account in his favor, and that appellees breached the agreement and removed him from the store; and that, since the breach of the contract occurred in Smith County, the cause of action or a part thereof arose there, thus fixing venue in that County. Under Art. 1995, R.S. of Texas, no person who is an inhabitant of this state shall be sued out of the county of his domicile unless he comes within one or more of the exceptions to exclusive venue named therein. The applicable portions of Subd. 23 of said exceptions reads: "Suits against a private corporation * * may be brought * * * in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation * * * has an agency or representative in such county".

By Subd. 29a of said exceptions, the suit may be maintained in Smith County against all other defendants who are necessary parties if it is maintainable there against either or both corporate defendants under Subd. 23. There was no contention that the contract was in writing, and appellant admits it was made in Dallas. But he urges that the alleged breach occurred in Smith County, and that venue there would be established under our authorities. Lummus Cotton Gin Co. v. Mills, Tex.Civ.App., 233 S.W. 126; Houston & T. C. Ry. Co. v. Hill, 63 Tex. 381; United Appliance Corp. v. Boyd, Tex.Civ.App., 108 S.W.2d 760, 765, and authorities there cited. In other words, appellant urges that since he introduced evidence sufficient to establish prima facie that such contract existed and was breached in Smith County, he had discharged the burden of proof, and facts introduced by appellees contradicting those by appellant went to the merits of the case

and a judgment based on such facts cannot stand. We do not think that is the holding of our courts. Art. 2007, R.S., Vernon's Ann.Civ.St. art. 2007, provides that a sworn plea of privilege when filed shall be prima facie proof of defendant's right to a change; that the plaintiff may file a controverting plea under oath setting out specifically the facts relied upon by him to confer venue of such cause on the court where the cause is pending. By further statutory provisions, a hearing must then be had, after which the court shall enter judgment sustaining or overruling the plea of privilege, from which the aggrieved party may take an appeal. In Compton v. Elliott, 126 Tex. 232, 239, 88 S.W.2d 91, 94, a leading case on this matter, Judge Smedley, then of the Commission of Appeals, said: "His (plaintiff's) position is that, while he had the burden of proving the venue fact or facts, he was not required to prove them in the ordinary manner, but merely to introduce enough evidence to prove them prima facie, or to raise an issue, and that evidence offered by the defendant in contradiction of plaintiff's prima facie case should be disregarded." Answering this Judge Smedley said:

"This contention we cannot sustain, although it is supported by decisions of some of the Courts of Civil Appeals. As has been shown, article 2007 is construed to have the effect of placing upon the plaintiff the burden of proving the facts relied upon by him to bring the case within the exception. The decisions of the Supreme Court, which have been cited above, announce this rule without qualification. In so doing, they carry the reasonable, if not the necessary, implication that plaintiff must prove the facts in the usual way, which means that the defendant is to be permitted by his evidence to dispute and contradict plaintiff's evidence." The opinion was adopted by the Supreme Court.

Again, in Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, 69, the Commission of Appeals, in an opinion also adopted by the Supreme Court, held that "under that plea (a plea of privilege based on Exception 23, supra) the defendant may offer any competent evidence tending to contradict the plaintiff's evidence, or tending to defeat the right to maintain venue asserted in the controverting affidavit."

"* * * The allegations of the [plaintiff's] contesting pleas * * * must be proven as the allegations of any other plea". Citizens State Bank v. Alexander, Tex.Civ.App., 274 S.W. 184, 185.

Our careful study of the statement of facts discloses that evidence offered by appellees was upon the venue facts referred to. It was in contradiction of appellant's evidence. That the evidence of appellee might also go to the merits of the case on final trial is no valid objection to their consideration on the venue issue if they are pertinent thereto. Compton v. Elliott, supra.

Appellees' plea of privilege placed upon appellant the burden of proving the venue facts alleged, that is, the contract and its breach in Smith County, by a preponderance of the evidence, which means the greater weight and degree of credible testimony. Fagg v. Benners, Tex. Civ.App., 47 S.W.2d 872, 874, approved in Compton v. Elliott, supra. The trial court, as shown by the above findings, having resolved these fact issues against appellant, as was his prerogative, and there being evidence to support such findings, we are concluded thereby.

The trial court also found as a fact that none of the appellees had an agent in Smith County at the time of appellant's alleged cause of action. The burden was also upon appellant to prove by a preponderance of the evidence that at the time suit was filed the corporate defendants, or one of them, had an agency or representative in Smith County. Subd. 23, supra. The evidence showed that the agent or representative relied upon by appellant to bring himself within the purview of the statute in this respect was Mr. White, who resided in Gregg County. He is described as being manager of the East Texas Division of Cabell's, Inc., and had supervisory control over the Tyler Store, but did not operate it. Service was had on one of the Cabells, who did not reside but happened

to be, in Smith County. The judgment involves a finding that no agency or representative was in the county, and the evidence, we think, supports the finding of the trial court as filed as well as that involved in the judgment.

For the reasons stated, appellant's points of error are overruled, and the judgment of the district court is affirmed.

Judgment affirmed.

### On Motion for Rehearing.

■ The venue questions in this case were whether there was a verbal contract between appellant and one or more of the corporate defendants, such as alleged by appellant, and whether the alleged cause of action for breach of such contract arose in whole or in part in Smith County. Appellant's motion for rehearing urges again that when he made proof of such contract by his own testimony, and made further proof that the contract had been breached by Cabell's, Inc., he met all the requirements of law. He insists that further evidence in behalf of appellees that the contract as alleged by appellant did not exist, and that if it did there was no breach of such contract by appellees, but that appellant voluntarily abandoned the same, were issues to be heard and tried on the merits of the case and were not venue questions. In support of this contention appellant now cites a decision of the Austin Court of Civil Appeals in William R. Carmichael, Inc., v. Winkley, 234 S.W.2d 937, 939, and urges that our decision is in conflict with the Winkley case. We do not believe such conflict exists. In that case the decision was rendered upon evidence consisting of a letter written by the defendant to the plaintiff, and upon testimony quoted in the opinion. The testimony shows a verbal contract performed in Travis County and that the defendant was a corporation. In passing upon the case, the court remarks that the entire letter and the testimony quoted "is enough to constitute a cause of action or part thereof arising in Travis County, and hence comes within Exception 23 of Article 1995, V.A.C.S." A cause of action on a contract consists of the contract and its breach or non-performance. Western Wool Comm. Co. v. Hart, Tex. Sup., 20 S.W. 131; United States Pipe & Foundry Co. v. City of Waco, Tex.Civ. App., 100 S.W.2d 1099, 1109; 1 T.J. p. 632, Sec. 25; 1 C.J.S., Actions, § 124, page 1387. Only evidence of the contract itself is set forth in that opinion, and we must therefore assume that the letter, the contents of which are not shown, was the evidence of a breach.

■■ The case of Compton v. Elliott, cited in our original opinion, has been followed consistently, and, as far as we know, has never been overruled nor modified in the respects now under consideration. In that case the commission of appeals in an opinion approved and adopted by the Supreme Court, held that all the venue facts must be proved in the ordinary way, and that the truth of a fact or facts in issue must be ascertained by introduction and weighing of evidence from both sides. This the trial court has done, and his findings and conclusions were against the contentions of appellant. In the Winkley case it was the trial court that made findings and reached conclusions, and the Court of Civil Appeals merely held the evidence sufficient to sustain. It is further held in the Compton-Elliott case that review by the appellate court should not be different from review in any other case, that if the evidence is conflicting and is sufficient to support the trial court's findings, those findings and conclusions should not be disturbed.

It is our belief that we have reached a correct decision under the law as it exists on the issues presented, and appellant's motion for rehearing is respectfully overruled.