JACKSON BREWING COMPANY, Appellant,

v.

Jack D. CLARKE, Jr., Appellee.

No. 10876.

Court of Civil Appeals of Texas.

Austin.

April 19, 1961.

Rehearing Denied May 17, 1961.

————◆————

Kelley & Ryan, Houston, for appellant.

McClain & Harrell, Conroe, for appellee.

GRAY, Justice.

This appeal is from a judgment overruling appellant's plea of privilege.

Appellee, Jack D. Clarke, Jr., filed this suit in Montgomery County against W. L. McMillan, a resident of that county, and appellant, Jackson Brewing Company, a Louisiana corporation with a permit to do business in Texas and maintaining an office and place of business in Houston, Harris County, Texas.

For a cause of action appellee alleged that prior to and during 1960 he was distributor in Montgomery County for appellant's product—Jax Beer, and that during 1960 appellant cancelled his distributor's agreement and named W. L. McMillan as its distributor in Montgomery County. Appellee alleged that as a part of the consideration for the cancellation of his agreement and the transfer of his equipment and his inventory of stock to McMillan appellant agreed to cancel his open account owing to it. He also alleged that as a part of such consideration the defendants agreed to lease appellee's warehouse for a term of five years for the sum of $150 per month. Other items of operating equipment transferred to McMillan and the consideration therefor are alleged but they are not material to the venue question presented.

Appellee alleged that appellant refused to cancel his open account supra and that both defendants have refused to lease his warehouse. He sued to recover $14,238.90, the amount of his inventory of stock of appellant's products, which amount, as alleged, is made up of the open account amounting to approximately $13,000 and a balance to be paid in cash. He also sued for a reasonable attorney's fee and for $9,000 rent for his warehouse.

Appellant filed its plea of privilege to be sued in Harris County. The plea was duly controverted and at a nonjury trial it was overruled. There is no answer of W. L. McMillan in the record before us and he is not a party to this appeal.

The evidence shows without dispute that appellant's division sales manager, Jeff Roberts, contacted appellee at appellee's office in Conroe in Montgomery County and there informed him that he would be replaced by another man as appellant's distributor in Conroe; that some conversation was had

about the transfer of appellee's equipment and stock to the new distributor; that later Roberts brought W. L. McMillan to appellee's office and told appellee that McMillan would succeed him as appellant's distributor in Conroe; that at that time there was a discussion as to the value of appellee's equipment and stock and as to the payment to appellee for his inventory of stock then on hand. Also there was some discussion about the lease of appellee's warehouse. The inventory of appellee's stock on hand was later checked by Glenn Clements, appellant's assistant sales manager, in company with appellee and W. L. McMillan. McMillan was installed as appellant's distributor and took over appellee's equipment and inventory of stock but did not lease the warehouse.

Appellee testified that he fixed a price of $40,000 plus his inventory as the amount of money he should receive for his business, equipment, trucks and stock and said that Jeff Roberts said "that that sounded like a reasonable price, but we would have to get together on it." Appellee testified that as a part of the consideration for the transfer of his assets and inventory of stock to McMillan he would be given credit for what he owed when the deal was closed and fixed this sum at approximately $13,000. He also testified that appellant (by Roberts) guaranteed that he would be paid for his inventory plus 10 cents per case moving charges for the beer and that he had not been so paid. Appellee's open account has not been cancelled and he has not been given credit for it but appellant has instituted suit against him for its collection.

There are conflicts in the testimony of appellee, appellant's representatives and W. L. McMillan as to the consideration for the transfer to McMillan and the alleged agreement of appellant to cancel appellee's open account or to give him credit therefor on the transfer of his inventory of stock. However these conflicts were for the trial court.

At the conclusion of the evidence the trial court announced that there was presented a question of fact and that the plea of privilege was overruled. Thus the trial court accepted appellee's testimony that appellant agreed with appellee that as a part of the consideration for the transfer of his equipment and stock to McMillan appellant would cancel appellee's account with it and that it has refused to do so. This agreement was made in Montgomery County.

Appellant in its brief discusses various exceptions of Art. 1995, Vernon's Ann.Civ. St., the general venue statute, and also the breach of the alleged agreement to rent appellee's warehouse for five years. We will not notice these arguments because it is our opinion that venue here is controlled by exception 23 of Art. 1995, supra. That exception provides that suits against private corporations may be brought in the county where the cause of action, or a part thereof, arose. The cause of action here is the contract and its breach by appellant. An essential part of the cause of action, the contract, arose in Montgomery County for without the contract there could have been no breach and no cause of action. Appellant recognizes this to be a correct statement because in its argument as to the existence of an agent of appellant in Montgomery County it says: "since it is undisputed that any cause of action Appellee may have had did accrue in Montgomery County, the existence of any agency or representative of Appellant there is immaterial."

It is our conclusion that in any event it must be said that a part of appellee's cause of action arose in Montgomery County and that venue of this cause is properly maintainable there. The following authorities support this conclusion. United Appliance Corporation v. Boyd, Tex.Civ.App., 108 S.W.2d 760, United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099, affirmed 130 Tex. 126, 108 S.W.2d 432. Gleason v. Southwestern

Sugar & Molasses Co., Tex.Civ.App., 214 S.W.2d 640.

The judgment of the trial court is affirmed.

Affirmed.